ORIGINAL FILED
DISTRICT COURT OF GUAM
APR 30 2007
MARY L.M. MORAN
CLERK OF COURT

FILED
DISTRICT COURT OF GUAM
APR 20 2007
MARY L.M. MORAN
CLERK OF COURT

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEYTON RAY BORJA,<br><br>Defendant. | CRIMINAL CASE NO. 07-00017<br><br>AMENDED<br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, LEYTON RAY BORJA, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to an Indictment charging him with possession with intent to distribute less than 5 grams of methamphetamine hydrochloride (ice). The parties agree for sentencing purposes that the amount related to this offense is 3.5 grams actual.

2. The defendant, LEYTON RAY BORJA, understands:

(a) <u>In the Absence of a Prior Conviction</u>. That the <u>maximum</u> sentence for Possession with Intent to Distribute 3.5 grams of methamphetamine hydrochloride actual, for a person <u>without</u> a prior drug trafficking conviction as provided by 21 U.S.C. § 851, is a term of twenty (20) years imprisonment, a $1,000,000 fine, and a $100 special assessment fee, which must be

- 1 -

paid at the time of sentencing. Any sentence imposed shall include a term of supervised release of at least three (3) years in addition to such term of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

(b) <u>If There was a Prior Conviction</u>. That the <u>maximum</u> sentence for Possession with Intent to Distribute 3.5 grams of methamphetamine hydrochloride actual, for a person <u>with</u> a prior drug trafficking conviction as provided by 21 U.S.C. § 851, is a term of thirty (30) years imprisonment, a $2,000,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed shall include a term of supervised release of at least six (6) years in addition to such term of imprisonment. Defendant understands that if he violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence him up to an additional three (3) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

3(a) In return for his guilty plea, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines.

3(b) The government agrees that the defendant has assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and the government and the court to allocate their resources efficiently, and that in the event that the defendant qualifies for a decrease under U.S.C.G. § 3E1.1(a), the government will move the court to decrease the offense level by one (1) additional level under U.S.S.G. § 3E1.1(b).

3(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule.

-2-

Case 1:07-cr-00017    Document 29    Filed 04/30/2007    Page 2 of 5

Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Possession of a Controlled Substance with Intent to Distribute, as charged pursuant to 21 U.S.C. § 841(a)(1), the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant knowingly possessed methamphetamine hydrochloride (ice);
>
> Second: the defendant possessed it with the intent to deliver it to another person.

5. The defendant agrees that the Sentencing Guidelines apply to this offense. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1971, and is a citizen of the United States.

(b) On February 9, 2007, the defendant knowingly possessed 3.5 grams of methamphetamine hydrochloride (ice) actual with the intent to distribute it to another person.

(c) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancies are not a basis to withdraw his guilty plea.

6. The defendant waives any right to appeal or to collaterally attack his conviction but reserves the right to appeal the sentence imposed in this case.

7. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the maximum possible penalties provided by law;

(b) His right to be represented by an attorney;

(c) His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

(d) That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in a prosecution for perjury or false statement if an answer is untrue;

(g) That he agrees that the plea agreement is voluntary and not a result of any force, threats, or promises apart from this plea agreement;

//
//
//
//
//
//
//
//
//
//
//

(h) The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: APR 2 0 2007

_____
LEYTON RAY BORJA
Defendant

DATED: APR 2 0 2007

_____
HOWARD TRAPP
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 4/20/07      By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 4/20/07

_____
JEFFREY S. STRAND
First Assistant U.S. Attorney