(ryu)

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for Defendant



FILED
DISTRICT COURT OF GUAM

JUL 1 9 2007

MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM

------------

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ( | Criminal Case No. 07-00017 |
| | ) | |
| Plaintiff, | ( | RESPONSE TO |
| | ) | INFORMATION OF |
| vs. | ( | PRIOR CONVICTION |
| | ) | (21 U.S.C. § 851(c)) |
| LEYTON RAY BORJA, | ( | |
| | ) | |
| Defendant. | ( | |

------------

Each of the convictions alleged in the information of prior conviction heretofore filed and served in this proceeding is invalid in that the Superior Court of Guam accepted a plea of guilty without first, by addressing Defendant personally in open court, informing him of and determining that he understood the nature of the charge to which the plea was offered. That the Superior Court of Guam accepted a plea of guilty without first, by addressing Defendant personally in open

ORIGINAL

court, informing him of and determining that he understood the nature of the charge

to which the plea was offered more fully appears from the transcripts of proceedings

of which the documents hereto annexed are certified copies. That each of the

convictions alleged in the information of prior conviction heretofore filed in this

proceeding is invalid is clearly supported by *People v. Chung*, 2004 Guam 2.

      Dated, Hagåtña, Guam,

        July 18, 2007.

                Respectfully submitted,

                HOWARD TRAPP
                For HOWARD TRAPP INCORPORATED
                Attorney for Defendant

(DOCUMENT\RpnseInfo.LBorja)

2

SU... ...RT

... ... ...

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| **THE PEOPLE OF GUAM** | **SUPERIOR COURT CASE NO:** CF0064-02 |
| **versus** | **CHANGE OF PLEA** |
| **LEYTON RAY BORJA,** | March 11, 2003 |
| Defendant. | |

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

BEFORE:

**THE HONORABLE KATHERINE A. MARAMAN**
JUDGE, SUPERIOR COURT OF GUAM

A P P E A R A N C E S:

For the People:

**LEWIS LITTLEPAGE**
ASSISTANT ATTORNEY GENERAL, PROSECUTION DIVISION
OFFICE OF THE ATTORNEY GENERAL
Hagåtña, Guam

For the Defendant:

**THOMAS FISHER, Esquire**
ASSOCIATED DEFENSE ADVOCATES
Hagåtña, Guam

COPY

*Jeanette B. Roberts, Court Transcriber, Superior Court of Guam*

1      THE CLERK:   Criminal Felony 64-02; *The People of*
2  *Guam versus Leyton Borja* for a Change of Plea.
3      MR. THOMAS FISHER:   Your Honor, I have an
4  executed plea agreement.  I've had to --  I'm sorry I don't
5  have any copies of it.  I had to get Mr. Littlepage to
6  countersign.  (Inaudible - indiscernible) --
7          May I approach?
8          THE COURT:   Yes.
9      MR. FISHER:   The reason we're asking to do it
10  today, Your Honor, is because Mr. Borja is scheduled for
11  release if the Court accepts the plea.
12                  *[Pause in proceedings.]*
13      THE COURT:   How long has he been in custody?
14      MR. FISHER:   It's been thirteen months,
15  Your Honor.  His parole expired yesterday, so he's eligible
16  for immediate release.
17                  *[Pause in proceedings.]*
18      THE COURT:   Okay.  Second call.  There's a
19  couple of places you missed parole and you need to --  And
20  then make copies.
21                  *[Off the record.]*
22                  *[Back on the record.]*
23      THE CLERK:   Second call on Criminal Felony 64-
24  02; *The People of Guam versus Leyton Borja* for a Change of
25  Plea.  All parties present.

*Jeanette B. Roberts, Court Transcriber, Superior Court of Guam*

1    THE COURT:   I'll ask the Defendant to stand and
2    be sworn.
3    THE CLERK:   Please stand and raise your right
4    hand.
5    THE DEFENDANT:   (Complies)
6    **LEYTON RAY BORJA, SWORN**
7    THE CLERK:   Do you solemnly swear to tell the
8    truth, the whole truth and nothing but the truth, so help
9    you God?
10    THE DEFENDANT:   Yes.
11    THE CLERK:   Thank you.   Kindly be seated.   State
12    your name, please, and speak loudly.
13    THE DEFENDANT:   Leyton Ray Borja.
14    THE COURT:   How old are you?
15    THE DEFENDANT:   Thirty-one.
16    THE COURT:   And how far did you go in school?
17    THE DEFENDANT:   I graduated.
18    THE COURT:   Have you ever been treated for any
19    mental illness?
20    THE DEFENDANT:   Yes.
21    THE COURT:   When was that?
22    THE DEFENDANT:   About a year and a half ago.
23    THE COURT:   Okay.   Who --
24    THE DEFENDANT:   RSAT.
25    ///

1    THE COURT:   Was that at the Department of
2    Corrections?
3           MR. FISHER:  It was RSAT.
4           THE DEFENDANT:   Yes.
5           THE COURT:   Okay.  So, was this for drug
6    rehabilitation or for a mental illness like schizophrenia
7    or something like that?
8           THE DEFENDANT:   Drug rehab.
9           THE COURT:   Drug rehab.  Okay.  So have you ever
10   been diagnosed by a physician with a mental illness?
11          MR. FISHER:   (Whispering to the Defendant:)
12   Did the doctor ever tell you that you were -- had a mental
13   illness?
14          THE DEFENDANT:   Yeah.
15          MR. FISHER:   Really?
16          THE DEFENDANT:   Mm-hm.
17          MR. FISHER:   What mental illness?
18          THE DEFENDANT:   Addiction.
19          MR. FISHER:   Do you know which doctor?
20          THE DEFENDANT:   Kallingal.
21          MR. FISHER:   (Addressing the Court:)
22   Dr. Kallingal diagnosed him as --
23          (Addressing the Defendant:)  Were you drug
24   dependent?
25          THE DEFENDANT:   Yeah.

*Jeanette B. Roberto, Court Transcriber, Superior Court of Guam*

1          MR. FISHER:   As being dependent on a drug.

2          (Addressing the Defendant:)   Do you know what

3    drug?

4          THE COURT:   Okay.  But, any other mental

5    illnesses like ...

6          THE DEFENDANT:   No, ma'am.

7          THE COURT:   ... schizophrenia or psychosis?

8          THE DEFENDANT:   No.

9          THE COURT:   Okay.  But you have been treated for

10   drug rehabilitation?

11         THE DEFENDANT:   Yes.

12         THE COURT:   And when did you finish your

13   treatment?

14         MR. FISHER:   (Whispering to the Defendant:)   It

15   would have been about 18 months ago?

16         THE DEFENDANT:   About --

17         MR. FISHER:   I think about 18 months now?

18         THE DEFENDANT:   Yeah, about two years ago.

19         MR. FISHER:   Two years?

20         THE DEFENDANT:   Yeah.

21         About two years ago, ma'am.

22         THE COURT:   Okay.  Since you've been back in

23   prison, have you had any other treatment?

24         THE DEFENDANT:   No.

25   ///

1          THE COURT:   Okay.  Did your addiction affect

2   your ability to think clearly today or when you talked to

3   Mr. Fisher about this plea?

4          THE DEFENDANT:   No, ma'am.

5          THE COURT:   Today, are you under the influence

6   of any drugs or medications?

7          THE DEFENDANT:   No.

8          THE COURT:   Are you under the influence of any

9   alcoholic beverages?

10         THE DEFENDANT:   No.

11         THE COURT:   Do you understand the proceedings

12  today?

13         THE DEFENDANT:   Yes.

14         THE COURT:   Are you thinking clearly?

15         THE DEFENDANT:   Yes.

16         THE COURT:   Did you receive a copy of the

17  Indictment against you?

18         THE DEFENDANT:   Yes.

19         THE COURT:   Have you had a chance to fully

20  discuss the charges against you with Mr. Fisher?

21         THE DEFENDANT:   Yes.

22         THE COURT:   (Whispering)  Can you get me some

23  water?

24         Are you satisfied with the advice and

25  representation that Mr. Fisher has given you?

*Jeanette B. Roberto, Court Transcriber, Superior Court of Guam*

1          THE DEFENDANT:    Yes.

2          THE COURT:    According to the terms of the plea

3    agreement, you're going to enter a plea of guilty to the

4    charge, Delivery of a Schedule II Controlled Substance, a

5    First Degree Felony, that you'll be sentenced to serve five

6    years at the Department of Corrections with all but four

7    years suspended, you'd be ordered to do 150 hours of

8    community service, you'd pay a fine of $15,000.00 plus

9    court costs, re-enroll and attend a drug rehabilitation

10   program, be on a special term of probation for five years,

11   while on probation you'd be ordered to complete the drug

12   program, report to Probation once a month or as otherwise

13   ordered, take drug testing, forfeit any cash or contraband

14   that was seized by Guam Police Department, not associate

15   with any persons known to you as felons, stay away from

16   firearms, not leave Guam without permission of the Court,

17   not possess or consume illegal drugs, be subject to random

18   testing, allow the Police or Probation to search your

19   person, automobile or residence for firearms or drugs, seek

20   employment or continue your education, obey the laws of

21   Guam, and then follow any other conditions imposed by

22   Probation.

23          Is that your understanding of the plea agreement?

24          THE DEFENDANT:    Yes.

25   ///

*Jeanette B. Roberto, Court Transcriber, Superior Court of Guam*

1          THE COURT:   You've also waived your right to

2  appeal your conviction and seek reduction of your sentence.

3          THE DEFENDANT:  Yes.

4          THE COURT:   Has anyone promised you anything

5  different than what's in the terms of the plea agreement

6  that I just summarized?

7          THE DEFENDANT:  No.

8          THE COURT:   Has anyone forced you to plead

9  guilty today?

10         THE DEFENDANT:  No.

11         THE COURT:   Do you understand that since you're

12 pleading guilty to a felony, some of your rights might be

13 affected, such as your right to vote, hold public office,

14 serve on a jury, or have a firearm?

15         THE DEFENDANT:  Yes.

16         THE COURT:   Do you understand maximum sentence

17 for this crime is five years in prison and a fine of

18 $15,000.00?

19         THE DEFENDANT:  Yes.

20         THE COURT:   As well as a probationary term?

21         THE DEFENDANT:  Yes.

22         THE COURT:   Today you're giving up your rights.

23 Do you understand you have the right to plead not guilty

24 and have a jury trial?

25         THE DEFENDANT:  Yes.

*Jeanette B. Roberto, Court Transcriber, Superior Court of Guam*

1      THE COURT:   Do you understand that if there was

2    a jury trial, you would have the right to an attorney to

3    assist you in your defense?

4      THE DEFENDANT:   Yes.

5      THE COURT:   Do you understand you have the right

6    to see and hear all of the Government witnesses and then

7    have your attorney cross-examine them?

8      THE DEFENDANT:   Yes.

9      THE COURT:   Do you understand you have the right

10   not to testify unless you want to in your own defense?

11     THE DEFENDANT:   Yes.

12     THE COURT:   And do you understand you have the

13   right to compel other people to come to court and testify

14   for you as your witnesses?

15     THE DEFENDANT:   Yes.

16     THE COURT:   And do you understand you are

17   presumed innocent?   If this had gone to trial, the

18   Government would have to prove you guilty beyond a

19   reasonable doubt?

20     THE DEFENDANT:   Yes.

21     THE COURT:   Do you understand that by pleading

22   guilty there will be no trial and you have given up all

23   these rights?

24     THE DEFENDANT:   Yes.

25   ///

1      THE COURT:    Do you waive a reading of the

2   Indictment?

3      MR. FISHER:    We waive a reading of the

4   Indictment.   Your Honor, we'd stipulate to the factual

5   basis in support of the charge.   We would also waive pre-

6   sentence information report, and we'd ask that the Court

7   sentence us today in accordance with the plea agreement.

8      THE COURT:    Where's the (indiscernible

9   whispering) --

10                  *[Brief pause.]*

11     THE COURT:    Is the Government prepared to prove

12  its case?

13     MR. LEWIS LITTLEPAGE:    Yes, Your Honor.   If this

14  case had gone to trial, the Government would have been able

15  to prove that on or about the 15th day of February, 2002,

16  that Mr. Leyton Borja did unlawfully and knowingly deliver

17  a Schedule II controlled substance, that is,

18  methamphetamine, in case -- in violation of 9 G.C.A.

19  Section 67.401.1(a)(1) and (b)(1), and that this occurred

20  in Guam.   The Government would be able to prove that fully.

21     THE COURT:    Okay.   How do you plead to the

22  charge of a First Degree Felony, Delivery of a Schedule II

23  Controlled Substance, Methamphetamine?

24     THE DEFENDANT:    Guilty.

25  ///

1          THE COURT:    It is the finding of the Court in
2    the case of *The People of Guam versus Leyton Ray Borja* that
3    the Defendant is fully competent and capable of entering an
4    informed plea, that his plea of guilty was knowing and
5    voluntary, supported by an independent basis and fact
6    containing each of the essential elements of the offense.
7    Your plea is accepted, you're now adjudged guilty of a
8    First Degree Felony, Delivery of a Schedule II Controlled
9    Substance.

10          MR. LITTLEPAGE:    Your Honor, we request a
11   further proceedings in front of Judge Lamorena --
12   approximately three weeks.

13                    *[Pause in proceedings.]*

14          THE COURT:    Do you have any further comment on
15   the sentencing?

16          MR. LITTLEPAGE:    No, Your Honor.

17                    *[Pause in proceedings.]*

18          THE COURT:    For the offense of Delivery of a
19   Schedule II Controlled Substance, a First Degree Felony,
20   you're sentenced to serve five years at the Department of
21   Corrections with all but four years suspended with credit
22   for time served.   You're ordered to perform 150 hours of
23   community service under the direction of the Alternative
24   Sentencing Office.   You're ordered to pay a fine of
25   $15,000.00 plus court costs.

*Jeanette B. Roberts, Court Transcriber, Superior Court of Guam*

1      MR. FISHER:   Your Honor, excuse me.   May I
2  interject?   May I just have one moment to approach
3  Mr. Littlepage?
4          THE COURT:   Yes.
5          MR. FISHER:   We --
6          MR. LITTLEPAGE:   -- Yes.   Mr. Fisher and I have
7  just both noticed this.   This --   There appears to be a
8  correction in the wording that should be here.   With
9  regards to paragraph 8A, Your Honor, Mr. Fisher and I both
10 just noted this, this should say -- instead of "all but
11 four years suspended," it should read "with four years
12 suspended."
13         Is that --
14         MR. FISHER:   Or "all but one year suspended."
15 Either way.
16         MR. LITTLEPAGE:   With four years --   Yeah.   Five
17 years with four suspended, Your Honor.   That's --
18         MR. FISHER:   That was the intent of the parties.
19 Sorry, Your Honor.
20         MR. LITTLEPAGE:   I believe that's what
21 Mr. Fisher is looking at there.   That's --
22         MR. FISHER:   The intent of the parties, Your
23 Honor, was that he get a five year sentence and four years
24 of that be suspended.
25 ///

*Jeanette B. Roberts, Court Transcriber, Superior Court of Guam*

1          MR. LITTLEPAGE:    -- Four years suspended with --

2    so, five years served with four years suspended,

3    Your Honor.

4          MR. FISHER:    Right.  I apologize.

5          MR. LITTLEPAGE:    I apologize also, Your Honor.

6          I think we need to --

7                    *[Pause in proceedings.]*

8          MR. FISHER:    Oh, you want me to make the

9    correction --?  I'm going to change paragraph -- on page

10   three, paragraph 8A to read, "Defendant shall serve five

11   years at the Department of Corrections with all but one

12   year suspended."

13         MR. LITTLEPAGE:    How about --  Well, you can do

14   it that way, "with all but one year suspended."  That's

15   fine.  -- Or, "with four suspended."  Either way.  All but

16   one year suspended?

17                    *[Brief pause.]*

18         MR. FISHER:    With credit for time served.

19         THE COURT:    Okay.  Give Mr. Littlepage to

20   initial.

21         MR. LITTLEPAGE:    Yes.

22         THE COURT:    Yeah.  You both need to initial it.

23                    *[Brief pause.]*

24         MR. LITTLEPAGE:    Thank you, Mr. Fisher.

25         MR. FISHER:    Thank you, Mr. Littlepage.

*Jeanette B. Roberts, Court Transcriber, Superior Court of Guam*

1        *[Brief pause.]*

2                THE COURT:    Okay.   This sentence should read or

3      will be pronounced as, you're ordered to serve five years

4      at the Department of Corrections with all but one year

5      suspended with credit for time served.   You're ordered to

6      perform 150 hours of community service under the direction

7      of the Alternative Sentencing Office.   You're ordered to

8      pay a fine of $15,000.00 plus court costs.   If you cannot

9      afford to pay the fine, you may convert it to community

10     service.   You're ordered to enroll and complete and drug

11     rehabilitation program at the Department of Mental Health

12     and Substance Abuse or any other drug rehabilitation

13     program approved by the Court receiving two hours of credit

14     towards community service for each hour attended.   You'd be

15     on a special term of probation for five years beginning

16     when you are released from the Department of Corrections.

17     While on probation, you're ordered to complete the drug

18     rehabilitation program previously described.   You're

19     ordered to report to Probation once a month.   You're

20     ordered to report to Probation by five o'clock for

21     processing.   You're also ordered to report when requested

22     for a drug test.   If you fail to show up for a test, or

23     fail to take a drug test, or fail the test, it would be a

24     violation of your probation.   You're ordered to do 150

25     hours of community service.   You're ordered to forfeit any

1  contraband or cash to the Guam Police Department. You're

2  ordered not to associate with any persons known to you as

3  felons. You're ordered to stay away from all firearms and

4  other weapons, and you may not possess, carry, transfer or

5  use a firearm. Your attorney will advise you it's a

6  violation of federal law for you to do that.

7             THE DEFENDANT:  Yes.

8             THE COURT:  If you have a firearm ID you must

9  surrender it.

10            Do you have a passport?

11            THE DEFENDANT:  No.

12            THE COURT:  You're ordered not to leave Guam

13  without permission of the Court. You're ordered not to

14  possess or consume any illegal drugs. You're ordered to

15  submit to random drug testing as ordered by Probation. You

16  must permit probation officers or police officers to search

17  your person, residence or vehicle for firearms and illegal

18  drugs. You're ordered to make a good faith effort to

19  obtain and maintain employment or return to school. You

20  must obey all laws of Guam and abide by the conditions

21  imposed by the Probation Office.

22            The Government to prepare the judgement.

23            MR. LITTLEPAGE:  Yes, Your Honor.

24            THE COURT:  When does Judge Lamorena do his --

25  is it Mondays still or --

*Jeanette B. Roberts, Court Transcriber, Superior Court of Guam*

1        MR. FISHER:   For ADA, Your Honor, it is
2    Wednesdays.

3        THE COURT:   At what time?

4        MR. LITTLEPAGE:   Wednesdays or Thursdays?

5        MR. FISHER:   PDs is Tuesdays, I think, or
6    Wednesdays.

7        MR. LITTLEPAGE:   I thought it was Tuesdays and
8    Thursdays.   (Indiscernible) -- Okay.

9        THE COURT:   What time?

10        MR. FISHER:   Ten o'clock, Your Honor.

11        THE COURT:   Can you check for April 2nd.

12        THE CLERK:   (Inaudible - indiscernible) --

13        THE COURT:   Second.

14                 [Brief pause.]

15        THE CLERK:   (Inaudible - indiscernible) --

16        THE COURT:   Okay.  April 2nd at 10 a.m.
17    Defendant is ordered to return to court for further
18    proceedings before Judge Lamorena.  The Defendant is
19    ordered released.

20        The other charges are dismissed?

21        MR. LITTLEPAGE:   Yes, Your Honor.  The
22    Government will dismiss all those charges.

23        MR. FISHER:   Thank you, Your Honor.

24        ** **Whereupon the proceedings concluded.** **

25

1    **C E R T I F I C A T E**

2              I, Jeanette B. Roberto, do hereby certify that the foregoing

3    pages, one through seventeen (17) inclusive, comprise the true and correct

4    transcript of the Change of Plea, heard in the following case:

5                          Superior Court Case No. CF0064-02

6                              *PEOPLE OF GUAM, Plaintiff*

7                                      *versus*

8                          *LEYTON RAY BORJA, Defendant.*

9    heard before the Honorable Judge Katherine A. Maraman, heard on

10   March 11, 2003, recorded on Tape Number T03-0299.

11             This transcript of this proceedings was transcribed by me to the

12   best of my knowledge, skill and ability.

13             Dated this 17th day of July, 2006.

14

15                                      JEANETTE B. ROBERTO

16

17

18

19

20

21

22

23

24

25

*Jeanette B. Roberto, Court Transcriber, Superior Court of Guam*

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | ) **SUPERIOR COURT CASE NO:** |
| | ) CF0591-03 |
| versus | ) |
| | ) **CHANGE OF PLEA** |
| LEYTON RAY BORJA, | ) |
| | ) **August 18, 2005** |
| Defendant. | ) |

_____ )

### REPORTER'S TRANSCRIPT OF PROCEEDINGS

BEFORE:

## THE HONORABLE ALBERTO C. LAMORENA, III
PRESIDING JUDGE, SUPERIOR COURT OF GUAM

A P P E A R A N C E S :

<u>For the People:</u>

**MONTY MAY, Esquire**
ASSISTANT ATTORNEY GENERAL, PROSECUTION DIVISION
OFFICE OF THE ATTORNEY GENERAL
Hagåtña, Guam

<u>For the Defendant:</u>

**HOWARD TRAPP, Esquire**
HOWARD TRAPP INCORPORATED
Hagåtña, Guam

COPY

*Jeanette B. Roberto, Court Transcriber, Superior Court of Guam*

1      THE COURT:   Okay.  *People of Guam versus Leyton*
2  *Borja*; CF591-03.
3      THE MARSHAL:   He's present.
4      THE COURT:   Mr. Trapp?  What's the status in
5  this case?
6      MR. HOWARD TRAPP:   We've arrived at a
7  (inaudible - indiscernible) and we're ready to --
8      THE COURT:   Okay.  I do have a plea agreement on
9  file.
10      Okay.  Okay.  Let me see.
11      (Whispering)  You know what you do?
12                          [Brief pause.]
13      THE COURT:   Okay.  We'll get the felony first.
14      Okay.  What are these?
15      UNIDENTIFIED MALE:   Fraudulent use of a license
16  plate.
17      THE COURT:   Okay.  Petty misdemeanor.  Put all
18  the petty misdemeanors on one side.
19                          [Brief pause.]
20      THE COURT:   These are all DUIs?
21      UNIDENTIFIED MALE:   Yes, Your Honor.
22  (Indiscernible whispering) --
23      THE COURT:   (Indiscernible whispering) --
24      Okay.  We'll take the felony cases first; okay?
25      Mr. Borja, come forward.

*Jeanette B. Roberts, Court Transcriber, Superior Court of Guam*

1                          *[Brief pause.]*

2              THE COURT:   (Addressing the Clerk:)   Administer

3    the oath to Mr. Borja.

4              THE CLERK:   (Addressing the Defendant:)   Raise

5    your right hand.

6              THE DEFENDANT:   (Complies)

7                      **LEYTON RAY BORJA, SWORN**

8              THE CLERK:   Do you solemnly swear to tell the

9    truth, the whole truth and nothing but the truth, so help

10   you God?

11             THE DEFENDANT:   I do.

12             THE CLERK:   Please state your name for the

13   record.

14             THE DEFENDANT:   Leyton Ray Borja.

15             THE COURT:   Okay.  Mr. Borja, do you understand

16   that you are now under oath and if you answer my questions

17   falsely, your answers may be used against you in a

18   prosecution for perjury for making a false statement?   Do

19   you understand that?

20             THE DEFENDANT:   Yes, sir.

21             THE COURT:   How old are you?

22             THE DEFENDANT:   Thirty.

23             THE COURT:   I'm sorry?

24             THE DEFENDANT:   Thirty.

25             THE COURT:   And how far did you go to school?

*Jeanette B. Roberts, Court Transcriber, Superior Court of Guam*

1          THE DEFENDANT:    Completed.

2          THE COURT:    Okay.    Have you ever been treated

3    for any mental illnesses or addiction to drugs?

4          THE DEFENDANT:    Yes.

5          THE COURT:    Okay.    You're taking drug

6    treatments; right?

7          THE DEFENDANT:    Yeah.

8          THE COURT:    -- For your other case?

9          Okay.    Before you came to court today, did you

10   take any drugs, medication or drink any alcohol?

11         THE DEFENDANT:    No, sir.

12         THE COURT:    Have you received a copy of the

13   Indictment against you and discussed those charges in the

14   Indictment with your lawyer, Mr. Trapp?

15         THE DEFENDANT:    (Response not audible.)

16         THE COURT:    Say yes.

17         THE DEFENDANT:    Yes.

18         THE COURT:    Okay.    Are you satisfied with the

19   legal advice given to you by Mr. Trapp in this case?

20         THE DEFENDANT:    Yes, sir.

21         THE COURT:    The plea agreement I have before me,

22   did you read it, understand it, voluntarily agree to all

23   terms of this agreement?    Did you sign it?

24         THE DEFENDANT:    Yes, sir.

25   ///

1    THE COURT:    Are you voluntarily pleading guilty
2    today?
3              THE DEFENDANT:    Yes, sir.
4              THE COURT:    All right.    Are you an American
5    citizen, Mr. Borja?
6              THE DEFENDANT:    Yes, sir.
7              THE COURT:    You are pleading guilty to felony,
8    such adjudication may deprive you of such valuable civil
9    rights, ...
10              THE DEFENDANT:    Yes, sir.
11              THE COURT:    ... such as the right to vote, right
12    to hold a public office, right to serve on a jury, right to
13    possess any kind of firearm.    Do you understand that?
14              THE DEFENDANT:    Yes, sir.
15              THE COURT:    You are pleading guilt to Possession
16    of a Schedule II Controlled Substance, which is a 3rd
17    Degree Felony.    The maximum sentence I could impose upon
18    you is one -- five years in prison -- three years in prison
19    and a fine of $5,000.00.    Do you understand that?
20              THE DEFENDANT:    Yes, sir.
21              THE COURT:    Do you understand that you still
22    have the right to plead not guilty, that you have the right
23    to a trial by jury, that you have the right to have legal
24    counsel to assist you in your defense, that you have the
25    right to see and hear all witnesses and to cross-examine

1  them in your defense, that you have the right to decline to

2  testify unless you want to do so in your own defense, and

3  you have the right to issue subpoenas -- these are court

4  orders -- you may bring in witnesses to testify in your

5  defense?  Do you understand that?

6         THE DEFENDANT:  Yes, sir.

7         THE COURT:  Do you understand that if this case

8  had gone to trial, the burden is always on the Government

9  to prove you guilty beyond a reasonable doubt?  If you

10 would have had a jury trial, in order for the jury to find

11 you guilty of all the charges against you, they must all

12 vote guilty.  That if you plead guilty today and I accept

13 your plea, you will waive your right to a jury trial, waive

14 your right to appeal to this case, and waive all your other

15 rights as I just told them to you.  Do you understand that?

16         THE DEFENDANT:  Yes, sir.

17         THE COURT:  Okay.  Waive the reading of the

18 Indictment, Mr. Trapp?

19         MR. TRAPP:  We do, Your Honor.

20         THE COURT:  And stipulate to the --  Which facts

21 are you going to stipulate to?

22         MR. TRAPP:  Well, the plea agreement provides

23 for the facts in the police report, Your Honor.

24         THE COURT:  Okay.  Well, I don't have the copy.

25 Is that the same thing as in the grand jury, Mr. Trapp?

*Jeanette B. Roberts, Court Transcriber, Superior Court of Guam*

1          MR. TRAPP:    I believe so, Your Honor.

2          THE COURT:    Okay.  As it relates to your

3    possession charge?

4          MR. TRAPP:    Yes, Your Honor.

5          THE COURT:    Okay.  Waive reading -- Waive the

6    sentencing PSI, Mr. Trapp?

7          MR. TRAPP:    Yes, Your Honor.

8          THE COURT:    You wish to be sentenced today?

9          MR. TRAPP:    Yes, Your Honor.

10          THE COURT:    Okay.  Mr. Borja, how do you wish to

11   plead to one charge, Possession of a Schedule II Controlled

12   Substance, 3rd Degree Felony; guilty or not guilty?

13          THE DEFENDANT:    Guilty.

14          THE COURT:    It is the finding of this Court in

15   *People of Guam versus Leyton Ray Borja*, that the Defendant

16   is fully competent and capable of an informed plea, that

17   your plea of guilty is a voluntary plea supported by

18   independent basis in fact within in each of the essential

19   elements of the offense.  Your plea is therefore accepted

20   and you are judged guilty of Possession of a Schedule II

21   Controlled Substance, 3rd Degree Felony, in CF591-03.

22   Three years in Department of Corrections and suspend

23   all -- give you credit for any time served; perform ...

24   perform 150 hours of community service that will be

25   credited to your drug rehabilitation program; pay a fine of

*Jeanette B. Roberts, Court Transcriber, Superior Court of Guam*

1   $5,000.00 plus court costs; you may convert that to
2   community service hours at the rate of $5.15 an hour;
3   successfully complete the drug rehabilitation program as
4   approved by this Court; be placed on a five year probation
5   and must do the following: successfully complete the drug
6   rehabilitation program as approved by this Court; report
7   weekly to Probation for drug testing.  If you report for
8   your drug test and testing positive for drugs, you will be
9   held in contempt of court, you will serve ten days in jail
10  for each contempt charge that will not be credited for any
11  time served if you are later incarcerated; that you must
12  forfeit all cash and contraband seized by the Guam Police
13  in this case; forfeit -- I mean, not associate with known
14  felons except within your drug treatment program classes;
15  stay away from all firearms, drugs and alcohol; allow
16  probation officers to search your personal vehicle for --
17  and police officers to search your personal vehicle for any
18  drugs, firearms and alcohol; failure to allow such search
19  would be seen as a violation; submit yourself to random
20  alcohol testing as provided by Probation; ... not be seen
21  in any establishments that may serve alcohol such as bars,
22  lounges and restaurants.
23              Where do you -- Are you working?
24              THE DEFENDANT:   I'm currently looking for a job.
25

1          THE COURT:    Where do you work?

2          THE DEFENDANT:    I'm looking for a job now.

3          THE COURT:    Oh, okay.  You can't leave Guam

4    without permission of this Court; you must obey all laws of

5    Guam, the orders of this Court and the probation office.

6          He's got another case; right?  When is the next

7    hearing on that other case?  We'll put it together.

8          MR. MONTY MAY:    Is set in October for trial --

9    continued trial setting.

10         THE COURT:    I think he's pled to bo- --

11         THE CLERK:    (Indiscernible - inaudible) --

12         MR. TRAPP:    No.  He did have another pending

13   one, Your Honor.  I mean, it's pending because he's on

14   probation.

15         THE COURT:    Right.  He's still on probation on

16   the other one; right?

17         MR. TRAPP:    Yes, sir.

18         THE COURT:    He's on probation CF64-02; right?

19         THE DEFENDANT:    Yes, Your Honor.

20         THE COURT:    Okay.  The Court will set a further

21   proceedings for you for both cases for September 15th.

22         Did I --  I think you're still allowed probation

23   on the other case; right?

24         UNIDENTIFIED MALE:    That's correct, Your Honor.

25         MR. TRAPP:    He's doing very well, Your Honor.

*Jeanette B. Roberts, Court Transcriber, Superior Court of Guam*

1        THE COURT:  Okay.  September 15th.  Did I set

2 everything for three o'clock then?

3        Okay.  September 15th at three o'clock.

4        Okay.  Mr. Borja, I want you to stay behind.  The

5 probation officers again will talk to you and tell you

6 what's expected of you; okay?

7        THE DEFENDANT:  Yes, Your Honor.

8        THE COURT:  I expect three things by the next

9 hearing date; one, hopefully you'll be enrolled in your

10 drug education program classes; two, you'll report in

11 weekly for drug testing; and, three, you would have made an

12 appointment with Mental Health and the Court -- and you are

13 to inform the Court of the status of that appointment;

14 okay?  And your next hearing date is September 15th at

15 three o'clock for further proceedings; okay?

16        MR. TRAPP:  Thank you, Your Honor.

17        THE COURT:  You're welcome.

18        THE DEFENDANT:  Thank you, Your Honor.

19        THE COURT:  You're welcome.

20        **\*\* Whereupon the proceedings concluded. \*\***

21

22

23

24

25

*Jeanette B. Roberts, Court Transcriber, Superior Court of Guam*

1  # CERTIFICATE

2       I, Jeanette B. Roberto, do hereby certify that the foregoing

3  pages, one through eleven (11) inclusive, comprise the true and correct

4  transcript of the Change of Plea, heard in the following case:

5                    Superior Court Case No. CF0591-03

6                    *PEOPLE OF GUAM, Plaintiff*

7                              *versus*

8                    *LEYTON RAY BORJA, Defendant.*

9  heard before the Honorable Judge Alberto C. Lamorena III, heard on

10 August 18th, 2005, recorded on Tape Number T05-1106.

11      This transcript of this proceedings was transcribed by me to the

12 best of my knowledge, skill and ability.

13      Dated this 17th day of July, 2006.

14

15

16                    JEANETTE B. ROBERTO

17

18

19

20

21

22

23

24

25

*Jeanette B. Roberto, Court Transcriber, Superior Court of Guam*

## DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendant herein, and that on July 19, 2007, I served the document to which this declaration is annexed on Karon V. Johnson, Esq., Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy at her office at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 19, 2007, at Hagåtña, Guam.

_____
REINA Y. URBIEN

## DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendant herein, and that on July 19, 2007, I served the document to which this declaration is annexed on Maria C. Cruz, United States Probation Officer, the person charged with conducting the presentence investigation in this proceeding, by leaving a copy thereof at 2nd Floor, U.S. Courthouse, 520 West Soledad Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 19, 2007, at Hagåtña, Guam.

REINA Y. URBIEN