HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for Defendant



FILED
DISTRICT COURT OF GUAM
JUL 2 0 2007
MARY L.M. MORAN
CLERK OF COURT

DISTRICT COURT OF GUAM

| UNITED STATES OF AMERICA, | ( | Criminal Case No. 07-00017 |
|---|---|---|
| Plaintiff, | ( | OBJECTIONS TO PRE-SENTENCE REPORT |
| vs. | ( | |
| LEYTON RAY BORJA, | ( | |
| Defendant. | ( | |

I

Paragraph 30 of the presentence report says, "The defendant is subject to an enhanced sentence under the provisions of 21 U.S.C. § 851 for having two prior felony drug offenses."

Defendant objects thereto.

(OBJECTIONS TO PRESENTENCE REPORT)
Criminal Case No. 07-00017

A

The grand jury returned an indictment. (Indictment (filed Feb. 14, 2007).) The United States attorney filed an information of prior conviction. (Am. Information Charging Prior Drug Conviction (filed Feb. 21, 2007).) The information was by its very terms confined to nothing else but the indictment then on file:

> NOTICE OF INTENTION TO SEEK ENHANCED
> PENALTY AGAINST DEFENDANT
>
> Plaintiff, United States of America, pursuant to Title 21, United States Code, § 851, hereby informs the Court and defendant, LEYTON RAY BORJA, of its intention to seek an enhanced penalty in the event he is convicted of the pending Indictment.
>
> . . . .
>
> Accordingly, the United States intends to pursue the enhanced punishment of a term of imprisonment not less than 10 years, and not more than life, in the event the defendant is convicted of the offense of Possession with Intent to Distribute Methamphetamine Hydrochloride (ice), as charged in the pending indictment.

(Am. Information Charging Prior Drug Conviction 1-2 (filed Feb. 21, 2007).)

The grand jury returned a superseding indictment. (Superseding

2

(OBJECTIONS TO PRESENTENCE REPORT)
Criminal Case No. 07-00017

Indictment (filed Mar. 28, 2007).) *No new information was filed.* Defendant "pled guilty to the [Superseding] Indictment." (Presentence Report para. 6 (dated July 2, 2007).)

Defendant is not subject to an enhanced sentence: "No person who stands convicted of an offense . . . shall be sentenced to increased punishment by reason of one or more prior convictions, unless . . . before entry of a plea of guilty, the United States attorney files an information . . . stating in writing the previous convictions to be relied upon." (21 U.S.C. § 851(a)(1).)

B

(See Response to Information of Prior Conviction (filed July 19, 2007).)

II

Paragraph 26 of the presentence report says, "Pursuant to U.S.S.G. § 3A1.2(c)(1), the defendant created a substantial risk of serious bodily injury to law enforcement officers during the course of the offense or immediately [sic] flight therefrom, and the offense level is increased by six levels."

Defendant objects thereto.

3

There was no such risk; any such risk was created by another or others; any risk of serious bodily injury to another person was insubstantial; and any bodily injury risked was less than serious.

### III

Paragraph 28 of the Presentence Report says, "Pursuant to U.S.S.G. § 3C1.2, Reckless Endangerment During Flight, the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer, and the offense level is increased by two levels."

Defendant objects thereto.

### A

U.S.S.G. § 3C1.2, comment. (n.1), provides, "Do not apply this enhancement where . . . another adjustment in Chapter Three . . . results in an equivalent or greater increase in offense level solely on the basis of the same conduct." The adjustment pursuant to U.S.S.G. § 3A1.2(c)(1) in Presentence Report para. 26 results in an increase of 6 levels. The increase of 6 levels is based solely on the same conduct. (See Presentence Report para. 14.) Because of this,

4

(OBJECTIONS TO PRESENTENCE REPORT)
Criminal Case No. 07-00017

the two-level adjustment pursuant to U.S.S.G. § 3C1.2 in Paragraph 28 of the Presentence Report is improper double counting. (*See United States v. Lopez-Garcia*, 316 F.3d 967 (9th Cir. 2003); *United States v. Hernandez-Sandoval*, 211 F.3d 1115 (9th Cir. 2000).)

B

There was no such risk; any such risk was created by another or others; any risk of serious bodily injury to another person was insubstantial; and any bodily injury risked was less than serious.

Dated, Hagåtña, Guam,

July 19, 2007.

Respectfully submitted,

/s/ Howard Trapp

HOWARD TRAPP
For HOWARD TRAPP INCORPORATED
Attorney for Defendant

(DOCUMENT\ObjPSR.LBorja)

5

## DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendant herein, and that on July 20, 2007, I served the document to which this declaration is annexed on Maria C. Cruz, United States Probation Officer, the person charged with conducting the presentence investigation in this proceeding, by leaving a copy thereof at 2nd Floor, U.S. Courthouse, 520 West Soledad Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 20, 2007, at Hagåtña, Guam.

_____
REINA Y. URBIEN

## DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendant herein, and that on July 20, 2007, I served the document to which this declaration is annexed on Karon V. Johnson, Esq., Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy at her office at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2007, at Hagåtña, Guam.

_____<br>REINA Y. URBIEN