1  leytonborja.rsp


ORIGINAL

2  LEONARDO M. RAPADAS
   United States Attorney
3  KARON V. JOHNSON
   Assistant U.S. Attorney
4  Suite 500, Sirena Plaza
   108 Hernan Cortez Avenue
5  Hagatna, Guam 96910
   Telephone: (671) 472-7332
6  Telecopier: (671) 472-7334

7  Attorneys for the United States of America

**FILED**

DISTRICT COURT OF GUAM

JUL 25 2007 *nbo*

MARY L.M. MORAN
CLERK OF COURT

8

9          IN THE UNITED STATES DISTRICT COURT

           FOR THE TERRITORY OF GUAM
10

11  UNITED STATES OF AMERICA,        )    CRIMINAL CASE NO.  07-00017
                                     )
12              Plaintiff,           )    **UNITED STATES' RESPONSE TO**
                                     )    **DEFENDANT'S OBJECTIONS TO THE**
13         vs.                       )    **THE PRESENTENCE REPORT**
                                     )
14  LEYTON RAY BORJA,                )
                                     )
15              Defendant.           )
    _____)

16

17         Defendant has the following prior convictions which were used to enhance his criminal

18  history score to VI:

19         Robbery (Second Degree Felony), Superior Court CF239-89, 1990;

20         Terrorizing (Third Degree Felony), Superior Court CF441-97 (1997);

21         Terrorizing (Third Degree Felony), Superior Court CF647-98, (1999);

22         Eluding a Police Officer (Misdemeanor), Superior Court CF578-00, (2001);

23         Delivery of a Schedule II Controlled Substance, Superior Court CF64-02, (2003);

24         Possession of a Schedule II Controlled Substance, Superior Court CF591-03 (2005).

25         Defendant was indicted February 14, 2007, for possession of a Schedule II controlled

26  substance (ice) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The indictment

27

28                                    -1-

1 charged the offense date as February 9, 2007, and the amount of ice as over 5 grams net. On

2 February 21, 2007, the government filed an amended information, as provided by 21 U.S.C. 851,

3 notifying him it would seek an enhanced sentence because of his two prior Superior Court drug

4 convictions. A copy of this information is attached hereto as Exhibit 1. Subsequently, the

5 Federal Grand Jury returned a superseding indictment, under the same case number, alleged the

6 same offense and the same date, but charging an exact amount of drugs, 4.2 grams net weight.

7 Defendant pled guilty to this superseding indictment April 24, 2007.

8

## I. WHETHER A SECOND § 851 INFORMATION SHOULD BE FILED
9 ## FOLLOWING A SUPERSEDING INDICTMENT

10      Defendant first attacks the validity of the information filed pursuant to § 851(a)(1) on the

11 grounds that it references the initial indictment, not the superseding indictment. United States v.

12 Mayfield 418 F.3d 1017 (9th Cir. 2005) concerned a defendant charged with possession with

13 intent to distribute cocaine base. He was tried with a confederate and convicted, but successfully

14 appealed his conviction on the ground his trial should have been severed. The Court of Appeals

15 agreed, reversed his conviction and remanded for another trial, where he was convicted again.

16 The government had filed an information pursuant to § 851(a)(1) before the first trial, but did not

17 re-file it prior to the second. Defendant attacked the mandatory 20-year sentence he received as a

18 result, alleging the government should have filed a second information. The court rejected his

19 argument. It noted that the purpose of § 851 is to provide notice that the government is seeking

20 an enhanced penalty, so that the defendant can challenge it. If the information provides clear

21 notice, it is not necessary to file another one prior to re-trial of the offense.

22      This reasoning was adopted in an unpublished decision, United States v. Cokonis, 2007

23 WL 1228489 (C.A.9 Ariz.), filed April 26, 2007. (Note that reference to cases filed after January

24 1, 2007, is now permitted by Federal Rule of Appellate Procedure 32.1). Cokonis is directly on

25 point. The government filed a § 851 information after his first indictment, but did not file

26 another after the Grand Jury returned a superseding indictment. Defendant appealed his

27

28                                               -2-

1 | enhanced sentence on the grounds that a second information should have been filed. The court
2 | disagreed, citing Mayfield, *supra*.

## II. THE VALIDITY OF DEFENDANT'S TWO PRIOR DRUG CONVICTIONS

The general rule is that a defendant is barred from collaterally attacking prior convictions used to calculate criminal history points, or as an enhancement to the Armed Career Criminal Act, unless he can show that he was not represented by counsel. United States v. Burrows, 36 F.3d 875, 885 (9th Cir. 1994); Custis v. United States, 511 U.S. 485 (1994).

Title 21 U.S.C. § 851, however, allows a defendant to challenge the drug convictions which support the government's Information of enhancement two ways: § 851(c)(1) allows him to challenge the conviction if he claims it is "invalid." Section 851(c)(2) allows him to challenge the conviction if it was obtained in violation of the Constitution of the United States. Here, defendant claims his two prior drug convictions are invalid because the Superior Court judges taking his guilty pleas did not personally address him to determine he understood the nature of the charges to which he pled guilt, i.e., that his pleas were unconstitutional because they were involuntary. Both occurred less than five years ago, so § 851(e) does not bar his challenge to these priors. (One would note, in passing, that Mr. Trapp represented defendant on CF0591-03.) The indictment and plea agreement on CF00064-02 are attached hereto as Exhibit 2. The indictment and plea agreement on CF0591-03 are attached hereto as Exhibit 3.

The first issue is the nature of defendant's attack upon his priors, because this determines who has the burden of proof concerning their validity. Section 851(c)(2) provides that if the attack is the conviction was obtained in violation of defendant's constitutional rights, he has the burden of proof by a preponderance of the evidence to establish his conviction was invalid. Defendant bases his claim upon People v. Chung, 2004 Guam 2 (2004), wherein the defendant attacked his conviction on the constitutional grounds that his guilty plea was not voluntarily entered because the trial court had not explained the nature of the charges against him. Like the defendant here, Chung had not challenged his conviction on appeal, so review was for plain

-3-

1  error. The challenge was pursuant to McCarthy v. United States, 394 U.S. 459 (1969), which
2  held that a guilty plea cannot be voluntary in a constitutional sense unless "the defendant
3  possesses an understanding of the law in relation to the facts." Id. at 466.  This constitutional
4  requirement has been codified under Guam law Guam as 8 GCA 60.50(a).  Because defendant's
5  attack on his prior convictions, like Chung's, is based upon constitutional grounds, he has the
6  burden of proving by a preponderance of the evidence that he did not fully understand the
7  elements of the charge as it related to his conduct.

8          Chung had been charged with vehicular homicide, for striking a jogger while driving
9  drunk, with an aggravating factor being alleged that he used a deadly weapon, the vehicle, during
10 the course of causing the victim's death.  The trial court had simply recited the indictment,
11 without explaining such terms as "recklessly," "intoxicated," "negligently," or "proximate
12 cause."  The Guam Supreme Court held that this was plain error, that the court's failure to go
13 over the elements of the offense, in relation to the facts of the crime, deprived defendant of his
14 constitutional rights to be fully advised of the nature of the charge.  Chung was decided January
15 26, 2004.  Although one of defendant's drug convictions was before this decision, the other was
16 entered August 25, 2005.  For some incomprehensible reason, neither the Guam Attorney
17 General nor the Superior Court appears to have changed their practices in response to the Chung
18 decision. The United States' standard plea agreement contains a concise statement of the
19 elements of the offense charged, which are read and explained to the defendant at every change
20 of plea. The Guam justice system seems to have been incapable of making such a simple
21 correction to its plea procedures.  Accordingly, on their faces, both of defendant's prior drug
22 convictions are open to collateral attack.

23          In evaluating the voluntariness of a plea, the court is limited to what is on the open
24 record. United States v. Smith, 60 F.3d 595 (9th Cir. 1995). The court may review the entire
25 record, including first appearance and arraignment transcripts. United States v. Vonn, 535 U.S.
26 55 (2002). The issue is whether, on this record, the court can determine whether defendant
27
28                                            -4-

1 understood the nature of the charges against him. This determination should rest in part on the

2 nature of those charges. In United States v. Bruce, 976 F.2d 552 (9th Cir. 1992), the court failed

3 to advise defendant of the nature of the conspiracy charge against him, not only that he was

4 charged with conspiring to manufacture methamphetamine, but also that the charge was based

5 upon an aiding and abetting theory. The court reaffirmed the standard rule, that it was essential

6 the judge explain the nature of the charge, not just read it to the defendant. It noted, however,

7 that there may be "exceedingly simple and easily-understood" cases where this would be

8 sufficient. Id. at 560. The conspiracy in the Bruce charge was definitely not of this type.

9      The government suggests that this is one of those "easy" cases. CF64-02 was a basic

10 delivery of a schedule II controlled substance; CF591-03 was a simple possession of a controlled

11 substance. In both instances, defendant was represented by counsel. In both instances, defendant

12 signed a plea agreement signifying that he had been advised and understood the nature of the

13 charges against him. In reviewing the plea colloquy on CF0064-02, it reflects that Judge

14 Maraman confirmed defendant knew the nature of the charge, and caused Asst. AG Littlepage to

15 state the offense on the record: that on February 15, 2002, defendant had unlawfully and

16 knowingly delivered a Schedule II controlled substance, methamphetamine, and it occurred on

17 Guam. The elements of this offense are 1) the knowing delivery of 2) a controlled substance, in

18 3) Guam. There are no technical terms that a layman couldn't understand, no complicated legal

19 concepts, no varying degrees of liability depending on principle versus accomplice. This is just

20 about as straight-forward a charge as one will find in any criminal code. The only legal

21 requirement in this charge is that the defendant "know" he was delivering a controlled substance.

22      During the guilty plea before Judge Lamorena in CF0591-03, Mr. Trapp stipulated that

23 the facts in the grand jury transcript applied to the plea. The government has been advised that it

24 is the practice in Superior Court to transcribe all grand jury proceedings, with a copy to the

25 Attorney General, a copy to defense counsel, and a copy to the court's file. The government has

26 issued a subpoena to the Clerk of the Superior Court to appear at the hearing of this matter, now

27

28 -5-

1 | set for 9 a.m. on August 29, 2007, and produce a copy of the grand jury transcript which Judge
2 | Lamorena referenced. Perhaps it would assist the court if Mr. Trapp could provide his copy of
3 | the grand jury transcript prior to August 29.

4 |     Respectfully submitted this __25th__ day of July, 2007.

5

6 |                 LEONARDO M. RAPADAS
                United States Attorney
                Districts of Guam and NMI

7

8 | By:    KARON V. JOHNSON
                Assistant U.S. Attorney

-6-



1 | Borja.851
LEONARDO M. RAPADAS
2 | United States Attorney
KARON V. JOHNSON
3 | Assistant U.S. Attorney
Suite 500, Sirena Plaza
4 | 108 Hernan Cortez Ave.
Hagåtña, Guam 96910
5 | TEL: (671) 472-7332
FAX: (671) 472-7334
6
Attorneys for the United States of America
7

**FILED**
DISTRICT COURT OF GUAM

FEB 21 2007

MARY L.M. MORAN
CLERK OF COURT

8

## IN THE UNITED STATES DISTRICT COURT

9

## FOR THE DISTRICT OF GUAM

10

11

12 | UNITED STATES OF AMERICA,   )   CRIMINAL CASE NO. 07-00017
   )
   Plaintiff.   )   **AMENDED INFORMATION**
13   )   **CHARGING PRIOR**
   vs.   )   **DRUG CONVICTION**
14   )   [21 U.S.C. § 851]
   LEYTON RAY BORJA,   )
15   )
   Defendant.   )
16 _____ )

17

## NOTICE OF INTENTION TO SEEK ENHANCED
## PENALTY AGAINST DEFENDANT

18

19 Plaintiff, United States of America, pursuant to Title 21, United States Code, § 851,

hereby informs the Court and defendant, LEYTON RAY BORJA, of its intention to seek an

20 enhanced penalty in the event he is convicted of the pending Indictment.

21

22 Defendant, LEYTON RAY BORJA, has prior convictions for felony drug trafficking

offenses, as follows. He was convicted in the Superior Court of Guam on March 11, 2003, of

23 Delivery of a Schedule II Controlled Substance, Case No. CF64-02, in violation of Title 9, Guam

24 Code Annotated, §§ 67.401.1(a) & (b)(1). This offense constitutes a "prior felony drug offense"

25 as defined in 21 U.S.C. § 841(b)(1)(A)(viii).

26

27 He was convicted in the Superior Court of Guam on October 17, 2005, of Possession of a

Schedule II Controlled Substance, Cr. No. CF591-03, in violation of Title 9, Guam Code

28

Annotated, §§ 67.401.2(a) & (b)(1). This offense constitutes a "prior felony dug offense," as defined in 21 U.S.C. § 841(b)(1)(A)(viii).

Accordingly, the United States intends to pursue the enhanced punishment of a term of imprisonment not less than 10 years, and not more than life, in the event the defendant is convicted of the offense of Possession with Intent to Distribute Methamphetamine Hydrochloride (ice), as charged in the pending indictment.

Respectfully submitted this __21st__ day of February, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

-2-

FILED
SUPERIOR COURT
OF GUAM

2003 DEC 19 PM 4: 59

ALFRED M. PEREZ
CLERK OF COURT
BY



**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
**General Crimes Division**
Guam Judicial Center, Suite 2-200E
120 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3406 ● (671) 477-3390 (Fax)
www.guamattorneygeneral.com ● law@mail.justice.gov.gu

**Attorneys for the Government of Guam**

# IN THE SUPERIOR COURT OF GUAM
# HAGÅTÑA, GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | **CRIMINAL CASE NO. CF591-03** |
| | GPD Report No. 03-20094 |
| vs. | Charges: |
| **LEYTON RAY BORJA,** | 1. **DELIVERY OF A SCHEDULE** |
| DOB: 05/26/1971 | **II CONTROLLED SUBSTANCE** |
| SSN: 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 | **WITH INTENT TO DELIVER** |
| Defendant. | (As a 1st Degree Felony) |
| | 2. **POSSESSION OF A SCHEDULE** |
| | **II CONTROLLED SUBSTANCE** |
| | (As a 3rd Degree Felony) |
| | NOTICE OF PRIORS |

## INDICTMENT

THE SUPERIOR COURT OF GUAM GRAND JURY HEREBY CHARGES:

### FIRST CHARGE

On or about November 25, 2003, in Guam, **LEYTON RAY BORJA** unlawfully and knowingly delivered with intent to deliver, methamphetamine, aka "ice", a Schedule II controlled substance, in violation of 9 GCA §§ 67.401.1(a)(1) and (b)(1).

### SECOND CHARGE

On or about November 25, 2003, in Guam, **LEYTON RAY BORJA** unlawfully and knowingly possessed a Schedule II controlled substance, that is, an amphetamine based substance,

Page 1
INDICTMENT P. vs. LEYTON RAY BORJA
Superior Court of Guam Criminal Case No. CF591-03

Case 1:07-cr-00074    Document 36    Filed 07/25/2007    Page 9 of 28

EXHIBIT 2

zmr:K:\HOME\ZINA\INDICT\BORJA.LR

in violation of 9 GCA § 67.401.2(a) and (b)(1), as enacted on March 25, 1998, by Public Law 24-149.

## NOTICE

The Government, pursuant to 8 GCA § 55.40(a), alleges that the Defendant, **LEYTON RAY BORJA** before the commission of the offense charged, was convicted of the crime of Terrorizing, a felony, in the Superior Court of Guam Criminal Case No. CF441-97, on or about November 7, 1997; the crime of Terrorizing, a felony, in the Superior Court of Guam, Criminal Case No. CF647-98, on or about September 27, 1999; the crime of Delivery of a Schedule II Controlled Substance, a first degree felony, in the Superior Court of Guam Criminal Case No. CF64-02, on or about March 11, 2003.

Dated this 19th day of December, 2003.

**OFFICE OF THE ATTORNEY GENERAL**          **A TRUE BILL**
DOUGLAS B. MOYLAN, Attorney General of Guam


**MONTY R. MAY**                                        **FOREPERSON OF THE GRAND JURY**
Assistant Attorney General, General Crimes Division

Page 2
INDICTMENT - P. vs. LEYTON RAY BORJA
Superior Court of Guam Criminal Case No. CF591-03

Case 1:07-cr-00012 Document 36          Filed 07/25/2007          Page 10 of 28

zmr:K:\HOME\ZINA\INDICT\BORJA.LR

FILED
SUPERIOR COURT
OF GUAM

2003 DEC 22 PM 3: 22

ALFREDO M. BORJA
CLERK OF COURT
BY ___

## In The Superior Court of Guam

The People of Guam,  }

vs.  }

Criminal Case No. CF0591-03

LEYTON RAY BORJA,  }

      Defendant(s).  }

S U M M O N S

To:   LEYTON RAY BORJA
     DOB: 05/26/71
     SSN: 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

You are hereby summoned to appear before THE HONORABLE JUDGE ALBERTO C. LAMORENA, III, Presiding Judge of the Superior Court of Guam, on the _24th day of December 2003, at 04:00 p.m._, to answer the charge(s) containing in the INDICTMENT, a copy which is attached hereto.

Date:     12/22/03

RICHARD B. MARTINEZ
Acting Clerk of Court
Superior Court of Guam

By: _____
    John L.G. Benavente
      Deputy Clerk

cc:   Associated Defense Advocates - Attorneys for Defendant
     Prosecutor's Office
     Pre-Trial Office

**Office of the Attorney General**
**Douglas B. Moylan**
Attorney General of Guam
**General Crimes Division**
The Justice Building
287 West O'Brien Drive
Hagåtña, Guam 96910 ● USA
(671) 475-3406 ● (671) 477-3390 (Fax)
www.guamattorneygeneral.com ● guamattorneygeneral@hotmail.com

Attorneys for the People of Guam

# IN THE SUPERIOR COURT
# OF GUAM

| | | |
|---|---|---|
| THE PEOPLE OF GUAM | ) | CRIMINAL CASE NO. **CF591-03** |
| | ) | GPD Report No. 03-20094 |
| vs. | ) | |
| | ) | **PLEA AGREEMENT** |
| **LEYTON RAY BORJA,** | ) | |
| DOB: 05/26/1971 | ) | |
| SSN: 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 | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to Criminal Procedure Code § 60.80, the Defendant, **LEYTON RAY BORJA,** represented by **HOWARD TRAPP** and the People of Guam, represented by the Office of the Attorney General through Assistant Attorney General **MONTY R. MAY**, enter into the following Plea Agreement:

1. The Defendant, having been advised, understands the following:

    A. The nature of the charge and its elements to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    B. The right to consult with and be represented by an attorney at every stage of these proceedings;

    C. The right to plead not guilty, the right to confront and cross-examine witnesses, and the right against self-incrimination;

D. That by pleading guilty to the charge the right to a jury trial is waived; and upon acceptance of the guilty plea by the Court, Defendant stands convicted just as though convicted by a jury;

E. That if Defendant pleads guilty, the Court may ask questions about the offense charged, and if Defendant answers these questions on the record, and in the presence of his attorney, the answers later may be used against him; and

F. That Defendant has a right to prosecution by indictment or preliminary hearing and, if this right is waived, Defendant may be prosecuted by an information filed by the prosecutor.

2. Defendant voluntarily, and without coercion or promises apart from this Plea Agreement, agrees to enter a guilty plea to the Second Charge of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony)**, a violation of 9 GCA §§ 67.401.2(a) and (b)(1), as alleged in the Indictment filed by the prosecutor. Pursuant to 9 GCA §§ 67.401.12, this offense carries a sentence for first offender of no more than three (3) years incarceration and a fine of five thousand dollars ($5,000). The sentence must include a mandatory community service of no less than one hundred and fifty (150) hours, mandatory enrollment and attendance in a drug rehabilitation program at the Department of Mental Health and Substance Abuse or any other drug rehabilitation program approved by the Superior Court, and a mandatory term of probation of five (5) years. The charge arises out of the incident described in Guam Police Department Report No. 03-20094 and the People's Declaration of Probable Cause filed herein.

3. Defendant understands and agrees he may be called upon to testify under oath about the factual details of these transactions at the taking of this guilty plea.

4. Defendant understands that he has a right to move for a reduction of his sentence within one hundred twenty (120) days of sentencing pursuant to 8 GCA § 120.46, and agrees to waive that right for the purpose of this plea.

5. Defendant understands that he has a right to appeal his convictions in this case pursuant to 8 GCA §§ 130.10 and 130.15, and agrees to waive that right for the purpose of this plea.

6. Defendant understands that such felony conviction could cause him to lose valuable civil rights, such as the right to vote, to sit on a jury, to hold public office, to possess firearms, or to obtain certain types of employment.

7. Defendant understands and agrees that his right to possess a Firearm Identification Card on Guam shall be revoked.

8. The Defendant understands and agrees that this agreement shall not be binding on the People should the Defendant be charged with or commit a crime between the time of his agreement and the time for sentencing in this cause; nor shall this agreement be binding on the People until the People confirm all representations made by the Defendant and his attorney;

9. The Attorney General and Defendant agree, in consideration for Defendant's plea and full cooperation, to the following:

That as to the charge of **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony)** to recommend:

a. Defendant shall serve three (3) years at the Department of Corrections, **suspended,** with credit for time served;

b. Defendant shall perform one hundred fifty (150) hours of community service work under the direction of the Alternative Sentencing Office. Defendant shall perform no fewer than five (5) hours of community service work each month, commencing upon the first month following Defendant's guilty plea **or** the first month following Defendant's release from Department of Corrections, whichever is the latter. Defendant shall receive two (2) hours credit towards community service for each hour of counseling he attends;

c. Defendant shall pay a fine in the amount of five thousand dollars ($5,000), plus court costs, to be paid to the Drug Treatment and Enforcement Fund, pursuant to 9 GCA §80.31.1, and shall be paid monthly over the probation period. Defendant shall pay no less than fifty dollars, ($50.00), per month starting the first month following Defendant's guilty plea **or** the first month following Defendant's release from Department of Corrections, whichever is the latter. If financially unable to pay this fine, said fine may be converted to community service at a rate of $5.15 per hour;

d. Defendant shall enroll and attend a drug rehabilitation program at the Department of Mental Health and Substance Abuse or any other drug rehabilitation program

Page 3
PLEA AGREEMENT - P. vs. LEYTON RAY BORJA
Superior Court of Guam Criminal Case No. CF591-03

Case 1:07-cr-00017   Document 36   Filed 07/25/2007   Page 14 of 28

1    approved by the Superior Court. Defendant shall receive two (2) hours credit
2    towards community service for each hour of counseling he attends;

e.    Defendant shall serve a Special Probation term of five (5) years, which shall
3    commence upon Defendant's guilty plea or release from Department of Corrections
4    whichever is the latter; and

f.    The People will move to dismiss the remaining charge of Delivery of a Schedule II
5    Controlled Substance With Intent to Deliver (As a 1st Degree Felony) as contained
6    in the Indictment filed herein.

7

8    10.    Defendant understands that if he violates any conditions of his release or of his
9    probation, that the Court may find him in violation and sentence him to serve the maximum sentence
10   in this case.

11   11.    The Attorney General and Defendant agree that the Court will place Defendant on
12   probation, and that the following conditions shall be imposed:

13   A.    Defendant shall attend and successfully complete any drug and/or alcohol counseling
14   program recommended by the Court after assessment at the Department of Mental
     Health and Substance Abuse at no cost to the Defendant. Defendant shall diligently
15   report within two (2) weeks **or** seventy-two (72) hours from either his release from
16   the Department of Corrections or his guilty plea whichever is the latter. Defendant
17   shall receive two (2) hours credit towards community service for each hour of
     counseling he attends;

18   B.    Defendant shall report to the Probation Office once per week or as recommended by
19   that office, in person, and at that time will take a weekly drug test if requested, and
20   failure to take a weekly drug test, if requested, will be considered a violation of
     probation. Defendant will report to Probation for his initial intake within two
21   working days of his release from the Department of Corrections or his guilty plea,
22   whichever is the latter;

23   C.    Defendant shall perform one hundred fifty (150) hours of community service work
24   under the direction of the Alternative Sentencing Office. Defendant shall perform
     no fewer than five (5) hours of community service work each month, commencing
25   upon the first month following Defendant's guilty plea **or** the first month following
26   Defendant's release from Department of Corrections, whichever is the latter.
27   Defendant shall receive two (2) hours credit towards community service for each
     hour of counseling he attends;

28

D. Defendant stipulates to forfeit any contraband and cash seized to the Guam Police Department for Drug Training, and all other non-contraband personal items will be returned to the Defendant;

E. Defendant shall not associate with any felons known to him as felons;

F. Defendant shall stay away from all firearms and other deadly weapons, and under no circumstances is he to possess, carry, transfer, or use any firearms;

G. Defendant shall forfeit his Guam firearm identification card and shall not reapply for another one;

H. Defendant is to surrender his Passport, if any, to the Probation Office;

I. Defendant shall not leave Guam without the approval of the Court or Probation Office, with prior notice being given to the Office of the Attorney General, Prosecution Division;

J. Defendant shall not possess or consume any illegal controlled substances;

K. Defendant shall not consume any alcoholic beverages;

L. Defendant shall submit to random drug and alcohol testing under the supervision of the Probation Office;

M. Defendant shall permit Probation Officers or Police Officers to search his person, automobile and residence or room where he is residing, for firearms, alcohol, and illegal controlled substances at any time such a search is requested. Failure to allow such a search will be considered a violation of probation. Defendant and his attorney stipulate that a presumptive positive field test for drugs, including the Roche Cup or On Tract Test Systems, will be considered evidence of a probation violation;

N. Defendant shall make good faith efforts to obtain and maintain legal employment or continue in school;

O. Defendant shall obey all the laws of Guam; and

P. Defendant shall abide by any other reasonable conditions imposed by the Court or the Probation Office.

12. Defendant states he has told his lawyer all the facts and circumstances known about the charges. his lawyer has counseled and advised him on the nature of each charge as well as on any and all lesser included charges.

13. Defendant and the People each intend this Plea Agreement and the sentence imposed be a final sentence and a total and conclusive resolution of the charges described within this Plea Agreement.

14.     The parties hereto fully and completely understand and agree that it is in court's duty to impose sentence upon the Defendant, and that any sentence either stipulated to or recommended herein is not binding on the court. If after accepting this plea the court concludes that any of the plea agreement's provisions regarding sentence or the term and conditions of probation are inappropriate, it can reject the plea. If the court decides to reject the plea agreement provisions regarding sentencing, it must give both the People and the Defendant an opportunity to withdraw from the plea agreement. In case this plea agreement is withdrawn, all original charges will automatically be reinstated.

15.     If the Court decides to reject the plea agreement provisions regarding sentencing and neither the People nor the Defendant elects to withdraw the plea agreement, then any sentence either stipulated to or recommended herein in paragraph 9 is not binding upon the court, and the court is bound only by the sentencing limits set forth in paragraph 2 and the applicable statutes.

16.     By his signature, Defendant attests he has read this agreement and its provisions have been fully explained by his attorney. Defendant believes his lawyer has done all that anyone could do to counsel and assist him and is satisfied with the advice and help received.

**LEYTON RAY BORJA**
Defendant

Dated: AUG 1 7 2005

**HOWARD TRAPP**
Counsel for Defendant

Dated: AUG 1 7 2005

**MONTY R. MAY**
Assistant Attorney General

Dated: 7/28/05

After a hearing held on AUG 1 8 2005 , 2005, and a finding the Defendant's plea of guilty to **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony)** is knowingly and voluntarily made, this Court now accepts the Plea Agreement herein and his plea of guilty and adjudges Defendant guilty of **POSSESSION OF A SCHEDULE**

Case 1:07-cr-00017    Document 36    Filed 07/26/2007    Page 17 of 28

1  **II CONTROLLED SUBSTANCE (As a Third Degree Felony).** Sentencing is set for
2  AUG 18 2005 ,2005.

3

4                                            Original Signed By:
                                            Hon. Alberto C. Lamorena, III

5                                **HONORABLE ALBERTO C. LAMORENA, III**
6                                **PRESIDING JUDGE, SUPERIOR COURT OF GUAM**

7

8

9

10

11

12                                       I do hereby certify that the foregoing
                                         is a full true and correct copy of the
13                                       original on file in the office of the
                                         clerk of the Superior Court of Guam

14                                            AUG 2 3 2005

15                                         Domingo M. Nego
                                         Deputy Clerk, Superior Court of Guam

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 7
**PLEA AGREEMENT - P. vs. LEYTON RAY BORJA**
Superior Court of Guam Criminal Case No. CF591-03
K:\HOMEZ\TINA\PLEAS\FELONY DRUGS\BORJA.MRM

Case 1:07-cr-00017   Document 36   Filed 07/25/2007   Page 18 of 28

FILED
SUPERIOR COURT
OF GUAM

'02 FEB 26 PM 6: 39

ALFRED M. BORLAS
CLERK OF COURT

# IN THE SUPERIOR COURT
## OF GUAM

ATTORNEY GENERAL'S OFFICE -
PROSECUTION DIVISION
2-200E Judicial Center Building
120 West O'Brien Drive
Hagåtña, Guam 96910
Tel: (671) 475-3406 / Fax: (671) 477-3390

| | |
|---|---|
| THE PEOPLE OF GUAM | CRIMINAL CASE NO. **CF64-02** |
| vs. | Charges: |
| **LEYTON RAY BORJA,**<br>DOB: 05-26-71<br>SSN: 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 | 1. **DELIVERY OF A SCHEDULE II CONTROLLED SUBSTANCE** (As a 1st Degree Felony) |
| | 2. **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE** (As a 3rd Degree Felony) |
| | 3. **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER** (As a 1st Degree Felony) |
| Defendant. | 4. **POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE** (As a 3rd Degree Felony) |

## INDICTMENT

### THE SUPERIOR COURT OF GUAM GRAND JURY CHARGES:

#### FIRST CHARGE

On or about **February 15, 2002**, in Guam, **LEYTON RAY BORJA**, did unlawfully and knowingly deliver a Schedule II controlled substance, that is, methamphetamine aka "ice", in violation of 9 GCA §67.401.1(a)(1) and (b)(1), as amended.

#### SECOND CHARGE

On or about **February 15, 2002**, in Guam, **LEYTON RAY BORJA**, did unlawfully and knowingly possess crystal methamphetamine a.k.a. "Ice", a Schedule II controlled substance, in violation of 9 GCA §67.401.2(a) and (b)(1), as amended.

EXHIBIT 11

H:\INDICT02\BORJA-LR.WPD\jbl

## THIRD CHARGE

On or about **February 15, 2002**, in Guam, **LEYTON RAY BORJA**, did unlawfully and knowingly possessed with intent to deliver a Schedule II controlled substance, that is, methamphetamine aka "ice", in violation of 9 GCA §67.401.1 (a)(1) and (b)(1), as amended.

## FOURTH CHARGE

On or about **February 15, 2002**, in Guam, **LEYTON RAY BORJA**, did unlawfully and knowingly possess crystal methamphetamine a.k.a. "Ice", a Schedule II controlled substance, in violation of 9 GCA §67.401.2(a) and (b)(1), as amended.

Dated this 26th day of February, 2002.

ROBERT H. KONO                                    A TRUE BILL
Attorney General, Acting

By:  _Tricia R.S. Ada_                            _Brian M._

**TRICIA R.S. ADA**                               FOREMAN OF THE GRAND JURY
Assistant Attorney General

H:\INDICT02\BORJA-LB.WPD\jbf

# IN THE SUPERIOR COURT

## OF GUAM

THE PEOPLE OF GUAM      )
                        )
       vs.                  )
                        )
**LEYTON RAY BORJA,**     )
DOB: 05/26/1971       )
SSN: 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      )
                        )
            Defendant.    )
_____ )

CRIMINAL CASE NO. **CF64-02**
(G.P.D. Report No. 02-02241

**PLEA AGREEMENT**

**ATTORNEY GENERAL'S OFFICE - PROSECUTION DIVISION**
2-200E Judicial Center Building
120 West O'Brien Drive
Hagåtña, Guam 96910
Tel: (671) 475-3406 / Fax: (671) 477-3390

ORIGINAL

Pursuant to Criminal Procedure Code § 60.80, the Defendant, **LEYTON RAY BORJA,** represented by **THOMAS J. FISHER, Esq.** and the People of Guam, represented by the Attorney General through Assistant Attorney General **LEWIS W. LITTLEPAGE,** enter into the following Plea Agreement:

1. The Defendant, having been advised, understands the following:

     a. The nature of the charge and its elements to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

     b. The right to consult with and be represented by an attorney at every stage of these proceedings;

     c. The right to plead not guilty, the right to confront and cross-examine witnesses, and the right against self-incrimination;

     d. That by pleading guilty to the charge the right to a jury trial is waived; and upon acceptance of the guilty plea by the Court, Defendant stands convicted just as though convicted by a jury;

     e. That if Defendant pleads guilty, the Court may ask questions about the offense charged, and if Defendant answers these questions on the record, and in the

presence of his attorney, the answers later may be used against him;

f.   that if the Defendant is an alien, his guilty plea may have immigration consequences, including deportation, and that the defendant has been counseled as to any impact upon his immigration status.

g.   That Defendant has a right to prosecution by indictment or preliminary hearing and, if this right is waived, Defendant may be prosecuted by an information filed by the prosecutor.

2.   Defendant voluntarily, and without coercion or promises apart from this Plea Agreement, agrees to enter a guilty plea to the charge of **DELIVERY OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 1ˢᵗ Degree Felony)**, a violation of 9 GCA §§ 67.401.1(a)(1) and (b)(1), as amended, as alleged in the Indictment, which pursuant to 9 GCA §§67.401.4(e) carries a maximum sentence of five (5) years incarceration and a fine of not more than fifteen thousand dollars ($15,000). The sentence shall include a special ~~parole~~ probation term of not less than two (2) years in addition to such term of imprisonment.

The charge arises out of the incident described in **Guam Police Department Report No. 02-02241** as set out in the declaration in support of Magistrate's Complaint. Defendant stipulates to a factual basis and waives presentation of a further fact basis.

3.   Defendant understands and agrees he may be called upon to testify under oath about the factual details of these transactions at the taking of this guilty plea.

4.   Defendant understands that he has a right to move for a reduction of his sentence within one hundred twenty (120) days of sentencing pursuant to 8 GCA § 120.46, and agrees to waive that right for the purpose of this plea.

5.    Defendant understands that he has a right to appeal his convictions in this case pursuant to 8 GCA §§ 130.10 and 130.15, and agrees to waive that right for the purpose of this plea.

6.    Defendant understands and agrees that his right to possess a Firearm Identification Card on Guam shall be revoked.

7.    The Defendant understands and agrees that this agreement shall not be binding on the People should the Defendant be charged with or commit a crime between the time of his agreement and the time for sentencing in this cause; nor shall this agreement be binding on the People until the People confirm all representations made by the Defendant and his attorney.

8.    The Attorney General and Defendant agree, in consideration for Defendant's plea and full cooperation, to the following:

That as to the charge of **DELIVERY OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 1ST Degree Felony)**, to recommend:

a.    Defendant shall serve five (5) years at the Department of Corrections, with all but ~~four (4)~~ one (1) years **suspended**, with credit for time served;

b.    Defendant shall perform one hundred fifty (150) hours of community service, under the direction of the Alternative Sentencing Office ~~or Parole Office;~~

c.    Defendant shall pay fine in the amount of fifteen thousand dollars ($15,000), plus court costs, to the Drug Treatment and Enforcement Fund, pursuant to 9 GCA §80.31.1. Said fine may be paid monthly over the probation period and Defendant may convert this fine to community service hours if Defendant is unemployed;

d.    Defendant shall enroll and attend a drug rehabilitation program at the Department of Mental Health and Substance Abuse or any other drug rehabilitation program approved

by the Superior Court. Defendant shall receive two (2) hours credit towards community service for each one (1) hour of counseling he attends; PROBATION *16/1*

e. Defendant shall be placed on a Special ~~Parole~~ term of five (5) years, which shall commence upon Defendant's release from custody or guilty plea whichever comes first

f. Upon the court's acceptance of Defendant's guilty plea to the charge of Delivery of a Schedule II Controlled Substance (As a 1st Degree Felony), the People will move to dismiss the remaining charges as contained in the Indictment therein.

9. Defendant understands that if he violates any conditions of his release or of his ~~parole~~ *probation*, that the Court may find him in violation and sentence him to serve the *maximum* sentence in this case which may be in addition to any contempt of court sentence. The fines and community service are not a part of ~~parole~~ *probation*, but ~~parole~~ *probation* may be revoked for non-performance.

10. ~~In addition to standard conditions imposed by the Parole Board and the Parole Services Division~~ *WHILE ON PROBATION*, the People recommend and the Defendant agrees to abide by the following conditions:

a. Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by the Court after assessment at the Department of Mental Health and Substance Abuse at no cost to the Defendant. Defendant shall diligently report within two (2) weeks from either his release from the Department of Corrections or his guilty plea whichever is the latter;

b. Defendant shall report to the ~~Parole~~ *probation* Office once per month or, as recommended by that office in person, and at that time will take a ~~weekly~~ drug test. Failure of the Defendant to show up for a test, if requested, or failure to take a ~~weekly~~ drug test, if requested, will be

probation

considered a violation of ~~parole~~. Defendant will report
to ~~Parole~~ for his initial intake within two (2) working
probation
days of his release from the Department of Corrections or
of his guilty plea, whichever is the latter;

c.  Defendant shall perform one hundred fifty (150) hours of
community service work under the direction of the
Alternative Sentencing Office;

d.  Defendant stipulates to forfeit any contraband and cash
seized to the Guam Police Department for Drug Training,
all other non-contraband personal items will be returned
to the Defendant;

e.  Defendant shall not associate with any felons known to
him as felons;

f.  Defendant shall stay away from all firearms and other
deadly weapons, and under no circumstances is he to
possess, carry, transfer, or use any firearms;

g.  Defendant shall forfeit his Guam firearm identification
card and shall not reapply for another one;

h.  Defendant is to surrender his Passport, if any, to the
probation
~~Parole~~ Office;

i.  Defendant shall not leave Guam without the approval of
the Court or Parole Office, with prior notice being given
to the Office of the Attorney General, Prosecution
Division;

j.  Defendant shall not possess or consume any illegal
controlled substances;

k.  Defendant shall submit to random drug testing under the
probation
supervision of the ~~Parole~~ Office;

l.  Defendant shall permit ~~Parole~~ Officers and/or police
probation
officers to search his person, automobile and residence
or room where he is residing, for firearms and illegal
controlled substances at any time such a search is
requested.  Failure to allow such a search will be
probation
considered a violation of ~~parole~~.  Defendant and his
attorney stipulate that a presumptive positive field test
for drugs, including the Roche Cup or On Trac Test

Systems, will be considered conclusive evidence of a
parole violation;

m.    Defendant shall make good faith efforts to obtain and
      maintain legal employment or continue in school;

n.    Defendant shall obey all the laws of Guam; and

o.    Defendant shall abide by any other reasonable conditions
      imposed by the Court or the Parole Office.

11.    Defendant states he has told his lawyer all the facts and
circumstances known about the charges. His lawyer has counseled
and advised him on the nature of each charge as well as on any and
all lesser included charges.

12.    Defendant and the People each intend this Plea Agreement
and the sentence imposed be a final sentence and a total and
conclusive resolution of the charges described within this Plea
Agreement.

13.    The parties hereto fully and completely understand and
agree that it is in court's duty to impose sentence upon the
Defendant, and that any sentence either stipulated to or
recommended herein is not binding on the court. If after accepting
this plea the court concludes that any of the plea agreement's
provisions regarding sentence or the term and conditions of
parole/probation are inappropriate, it can reject the plea. If the
court decides to reject the plea agreement provisions regarding
sentencing, it must give both the People and the Defendant an
opportunity to withdraw from the plea agreement. In case this plea
agreement is withdrawn, all original charges will automatically be
reinstated.

14. If the Court decides to reject the plea agreement provisions regarding sentencing and neither the People nor the Defendant elects to withdraw the plea agreement, then any sentence either stipulated to or recommended herein in paragraph 8 is not binding upon the court, and the court is bound only by the sentencing limits set forth in paragraph 2 and the applicable statutes.

15. This plea agreement in no way effects any civil forfeiture proceedings, if applicable.

16. By his signature, Defendant attests he has read this agreement and its provisions have been fully explained by his attorney. Defendant believes his lawyer has done all that anyone could do to counsel and assist him and is satisfied with the advice and help received.

LEYTON RAY BORJA
Defendant

Dated: (( ᴍᴍ ᴄ))

LEWIS W. LITTLEPAGE
Assistant Attorney General

Dated: / 24/63

THOMAS J. FISHER, Esq.
Counsel for Defendant

Dated: ( MAR 03

After a hearing held on _March 11_ , 200_3_, and a finding the Defendant's plea of guilty to **DELIVERY OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 1ˢᵗ Degree Felony)** is knowingly and

H:\PLEAS\FELONY\DRUGS\BORJA.LR                                                    1/24/03

voluntarily made, this Court now accepts the Plea Agreement herein
and his plea of guilty and adjudges Defendant guilty of **DELIVERY OF
A SCHEDULE II CONTROLLED SUBSTANCE (As a 1st Degree Felony).**
Sentencing is set for _March 11_ , 200_3_.



**HONORABLE ALBERTO C. LAMORENA, III**
**PRESIDING JUDGE**
**SUPERIOR COURT OF GUAM**

I do hereby certify that the foregoing
is a full true and correct copy of the
original on file in the office of the
clerk of the Superior Court of Guam

MAR 1 1 2003

Lisa Ibanez
Deputy Clerk, Superior Court of Guam