Borja.rsp2

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00017 |
| Plaintiff, | GOVERNMENT'S REPLY TO DEFENDANT'S AMENDED RESPONSE |
| vs. | |
| LEYTON RAY BORJA, | |
| Defendant. | |

Defendant's citation to Bradshaw v. Stumpf should read **545** U.S. 175 (2005). There, the defendant had pled guilty to aggravated murder and admitted one of the factors which could lead to imposition of the death penalty. In a subsequent habeas corpus petition, he contended that his original guilty plea was involuntary because the court had not insured that he understood the nature of the charge, in particular the mens rea of intent.

The Court noted the well-settled rule that for a guilty plea to be constitutionally valid, the defendant must know and fully understand the elements of the offense. It went on to hold, however, that the Constitution does not require the trial judge to advise him of the relevant elements: it is sufficient if his attorney has done so. In Bradshaw, the record reflected that his attorney told the trial judge that he had advised the defendant of the elements of the aggravated

-1-

murder charge, and defendant verbally affirmed this. The Court held that his guilty plea had been voluntarily entered. Id at 182-183.

In this case, the record submitted in Superior Court of Guam Criminal Case CF0064-02 reflects the following colloquy:

> The Court: "have you had a chance to fully discuss the charges against you with Mr. Fisher?
>
> The Defendant: Yes.

Later, the charge was read to defendant:

> The Court: Is the Government prepared to prove its case?
>
> Mr. Lewis Littlepage: Yes, Your Honor. If this case had gone to trial, the Government would have been able to prove that on or about the 15th day of February, 2002, that Mr. Leyton Borja did unlawfully and knowingly deliver a Schedule II controlled substance, that is methamphetamine, ... in violation of 9 G.C.A. Section 67.401.1(a)(1) and (b)(1), and that this occurred in Guam. ..."

Granted, Judge Maraman merely inquired whether they had discussed "the charges," not whether they had discussed "the elements." Given that defendant was represented by competent counsel, that delivery of a controlled substance is an uncomplicated offense, and that the prosecutor read what he was required to prove at trial, defendant has not carried his burden to prove that he did not understand the elements of this offense.

The record in Superior Court of Guam Criminal Case is more sparse. Judge Lamorena advised the defendant that he was "pleading guilt [sic] to Possession of a Schedule II Controlled Substance, which is a 3rd Degree Felony." Later, Mr. Trapp stipulated to the facts as set forth in the plea agreement and in the grand jury proceeding. Given that grand jury proceedings are

//
//
//
//
//

-2-

secret, the government has issued a subpoena to the Clerk of the Superior Court to produce those records at the hearing set for August 28. Thus, this court will have the full record before it.

Respectfully submitted this 23rd day of August, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: /s/ Karon V. Johnson
KARON V. JOHNSON
Assistant U.S. Attorney