(ryu)

HOWARD TRAPP INCORPORATED
200 Saylor Building
139 Chalan Santo Papa
Hagåtña, Guam 96910
Telephone (671) 477-7000

Attorney for Defendant

**FILED**
DISTRICT COURT OF GUAM

AUG 3 1 2007

JEANNE G. QUINATA
Clerk of Court

DISTRICT COURT OF GUAM

------------

| | |
|---|---|
| UNITED STATES OF AMERICA, | ( Criminal Case No. 07-00017 |
| Plaintiff, | ) |
| | ( SECOND AMENDED RESPONSE |
| vs. | ) TO INFORMATION OF PRIOR |
| | ( CONVICTION (21 U.S.C. § 851(c)) |
| LEYTON RAY BORJA, | ) |
| | ( |
| Defendant. | ) |

------------

I

21 U.S.C. §841(b)(1)(C) provides:

If any person commits . . . a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years . . . , a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $2,000,000 . . . , or both.

(SECOND AMENDED RESPONSE TO INFORMATION OF PRIOR CONVICTION (21 U.S.C. § 851(c)))
Criminal Case No. 07-00017

Borja committed the offense charged in the present case before either of the convictions alleged in the information of prior conviction became final. That Borja committed the offense charged in the present case before either of the convictions alleged in the information of prior conviction became final more fully appears from the Superseding Indictment (filed Mar. 28, 2007) and the Notices of Entry on Docket of which the documents annexed hereto are certified copies. That Borja committed the offense charged in the present case before either of the convictions alleged in the information of prior conviction became final is clearly supported by *United States v. Guzman-Colores*, 959 F.2d 132 (9th Cir. 1992), 8 Guam Code Ann. § 130.40, and Guam R. App. P. 4(b)(1)(A).

II

The information of prior conviction is insufficient. The grand jury returned an indictment. (Indictment (filed Feb. 14, 2007).) The United States attorney filed an information of prior conviction. (Am. Information Charging Prior Drug Conviction (filed Feb. 21, 2007).) The information was by its very terms confined to nothing else but the indictment then on file, and it stated that the

2

(SECOND AMENDED RESPONSE TO INFORMATION OF PRIOR CONVICTION (21 U.S.C. § 851(c)))
Criminal Case No. 07-00017

Government "intends to pursue the enhanced punishment of a term of imprisonment not less than 10 years, and not more than life":

> NOTICE OF INTENTION TO SEEK ENHANCED
> PENALTY AGAINST DEFENDANT
>
> Plaintiff, United States of America, pursuant to Title 21, United States Code, § 851, hereby informs the Court and defendant, LEYTON RAY BORJA, of its intention to seek an enhanced penalty in the event he is convicted of the pending Indictment.
>
> . . . .
>
> Accordingly, the United States intends to pursue the enhanced punishment of a term of imprisonment not less than 10 years, and not more than life, in the event the defendant is convicted of the offense of Possession with Intent to Distribute Methamphetamine Hydrochloride (ice), as charged in the pending indictment.

(Am. Information Charging Prior Drug Conviction 1-2 (filed Feb. 21, 2007).) The grand jury returned a superseding indictment. (Superseding Indictment (filed Mar. 28, 2007).) *No new information of prior conviction was filed.* Defendant "pled guilty to the [Superseding] Indictment." (Presentence Report para. 6 (dated July 2, 2007).) *Under the Superseding Indictment an enhanced punishment would be "a*

3

*term of imprisonment of not more than 30 years."* (21 U.S.C. § 841(b)(1)(C).)

That the information of prior conviction is insufficient is clearly supported by *United States v. Sperow*, ___ F.3d ___, 2007 WL 2127708 (9th Cir. July 26, 2007).

### III

Each of the convictions alleged in the information of prior conviction heretofore filed and served in this proceeding is invalid in that the Superior Court of Guam accepted a plea of guilty without first, by addressing Defendant personally in open court, informing him of and determining that he understood the nature of the charge to which the plea was offered and the elements thereof. That the Superior Court of Guam accepted a plea of guilty without first, by addressing Defendant personally in open court, informing him of and determining that he understood the nature of the charge to which the plea was offered and the elements thereof more fully appears from the transcripts of proceedings of which the documents annexed to the Response to Information of Prior Conviction heretofore filed in this proceeding are certified copies. That each of the convictions alleged in the information of prior conviction heretofore filed in this proceeding is invalid is

(SECOND AMENDED RESPONSE TO INFORMATION OF PRIOR CONVICTION (21 U.S.C. § 851(c)))
Criminal Case No. 07-00017

clearly supported by *People v. Chung*, 2004 Guam 2, and *Bradshaw v. Stumpf*, 554 U.S. 175 (2005).)

    Dated, Hagåtña, Guam,

        August 31, 2007.

                              _____
                              HOWARD TRAPP
                              For HOWARD TRAPP INCORPORATED
                              Attorney for Defendant

(DOCUMENT\2NDAmendRpnseInfo.LBorja)

5

In the Superior Court of Guam

| | |
|---|---|
| The People of Guam | Criminal Case No. CF0064-02 |
| vs. | |
| Leyton Ray Borja | |
| Defendant(s). | |

Amended Notice of Entry on Docket

To: Office of the Attorney General - Attorneys for the People
Howard Trapp - Attorney for Defendant

On **August 20, 2007**, the **Judgement filed on 04/14/03** was entered on the Docket in this matter.

**August 28, 2007**

RICHARD B. MARTINEZ
Clerk of Court
Superior Court of Guam

**Domingo M. Nego**

By: Domingo M. Nego
Deputy Clerk

Declaration of Mailing

On **August 28, 2007**, after I had enclosed and sealed a copy of the Notice of Entry of Docket in an envelope addressed to the individual(s) in said notice, I caused the same envelope(s) with postage affixed to be placed in the U.S. mailbox.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

**August 28, 2007.**

**Domingo M. Nego**

Domingo M. Nego
Declarant



I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

AUG 3 1 2007

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

vs.

LEYTON RAY BORJA,

        Defendant.

Criminal Case No. CF0591-03

## NOTICE OF ENTRY ON DOCKET

To:    ATTORNEY GENERAL
       HOWARD TRAPP, ESQ.

On **August 20, 2007** the **JUDGMENT** filed on **OCTOBER 17, 2005** was entered on the Docket in this matter.

August 20, 2007

                       **RICHARD B. MARTINEZ**
                       Clerk of Court

               By: **JOSEPH L. BAMBA**
                   Deputy Clerk

## DECLARATION OF MAILING

On **August 20, 2007** after I had enclosed a sealed copy of the Notice of Entry of Docket in an envelope addressed to the individual(s) in said notice, I caused the same envelope(s) with postage affixed to be placed in the U.S. mailbox.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

August 20, 2007

                      **JOSEPH L. BAMBA**
                        Declarant



AUG 3 1 2007

## DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendant herein, and that on August 31, 2007, I served the document to which this declaration is annexed on Karon V. Johnson, Esq., Assistant United States Attorney, the attorney for Plaintiff herein, by leaving a copy at her office at Office of the United States Attorney for Guam and the Northern Mariana Islands, Suite 500, Sirena Plaza, 108 Hernan Cortez Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 31, 2007, at Hagåtña, Guam.

_____
REINA Y. URBIEN

## DECLARATION OF SERVICE

I, Reina Y. Urbien, declare that I am an administrative assistant employed in the office of Howard Trapp Incorporated, Howard Trapp, Esq., the attorney for Defendant herein, and that on August 31, 2007, I served the document to which this declaration is annexed on Maria C. Cruz, United States Probation Officer, the person charged with conducting the presentence investigation in this proceeding, by leaving a copy thereof at 2nd Floor, U.S. Courthouse, 520 West Soledad Avenue, Hagåtña, Guam, her last known address, with a person in charge thereof.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 31, 2007, at Hagåtña, Guam.

_____
REINA Y. URBIEN