DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LEYTON RAY BORJA,<br><br>Defendant. | Criminal Case No. 07-00017<br><br>**ORDER RE: RESPONSE TO INFORMATION OF PRIOR CONVICTION** |

The Defendant's Response to Information of Prior Conviction came before this court for a hearing on October 15, 2007. *See* Docket No. 34. After hearing argument from counsel, the court took the matter under advisement. For the reasons discussed herein, the court hereby **FINDS** the Defendant is not subject to an enhanced sentence under 21 U.S.C. § 851(c).

## I. BACKGROUND

The Defendant was indicted on February 14, 2007, for possession of a Schedule II controlled substance (ice) with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The indictment charged the offense date as February 9, 2007, and the amount of ice as over 5 grams. On February 21, 2007, the government filed an Amended Information, as provided by 21 U.S.C. § 851, notifying the Defendant that the government would be seeking an enhanced sentence because of two prior Superior Court drug convictions. The Defendant was notified that instead of facing a maximum sentence of 20 years, the Defendant would be facing a maximum sentence

1  of not less than 10 years and not more than life (pursuant to 21 § 841(b)(1)(C))[1]. The
2  Information referenced two prior convictions in Superior Court of Guam, Case Nos. CF0064-02
3  (conviction for Delivery of a Scheduled II Controlled Substance) and CF0591-03 (conviction for
4  Possession of a Scheduled II Controlled Substance). Thereafter a superseding indictment was
5  filed, under the same case number, alleging the same offense and the same date, but charging an
6  exact amount of drugs, 4.2 grams net weight. On April 24, 2007 the Defendant pled guilty to the
7  superseding indictment.

## II. DISCUSSION

The Defendant now claims that he should not be exposed to an enhanced sentence under 21 U.S.C. § 851(c). The Defendant makes a number of arguments, however, the court need only address one of the arguments which disposes of this issue. The Defendant claims that in order for him to be subject to an enhanced sentence his prior convictions alleged in the Amended Information would have had to have been final prior to the commission of the charged offense in this case. However, neither of the local convictions alleged in the Amended Information were final prior to the instant conviction. 21 U.S.C. § 841(b)(1)(C) provides:

> If any person commits . . . a violation after a prior conviction for a drug offense has *become final*, such person shall be sentenced to a term of imprisonment of not more than 30 years . . ., a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $2,000,000 . . ., or both. (Emphasis added).

The Ninth Circuit has found that "a prior state conviction for which the time to appeal has expired, but which is the subject of collateral review, is final for purposes of federal sentencing enhancement under § 841(b)(1)(B)." *United States v. Guzman-Colores*, 959 F.2d 132, 136 (9th Cir.

---

[1] When the government filed the amended information the Defendant was being charged with distributing over 5 grams. However, the superseding indictment charged the Defendant with distributing approximately 4.2 grams. The lesser amount of drug requires any enhancement to fall under 21 U.S.C. § 841(b)(1)(C) which provides:

> If any person commits . . . a violation after a prior conviction for a drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years . . ., a fine not to exceed the greater of twice that authorized in accordance with the provisions of Title 18, or $2,000,000 . . ., or both.

- 2 -

1992). Under 8 Guam Code Ann. § 130.40, a "notice of appeal by a defendant shall be filed in the superior court within 10 days after the entry of the judgment or order appealed from. . . . A judgment or order is entered within the meaning of this Section when it is entered in the criminal docket." 8 Guam Code. Ann. § 130.40. Here the instant offense occurred on or about February 9, 2007. However, judgments with respect to Criminal Case No. CF0064-02 and Criminal Case No. CF0591-02 were not entered on the docket until August 20, 2007. *See* Docket No 47 (Declaration of Richard B. Martinez). It is clear that the instant offense did indeed occur prior to the time the prior convictions were final. Accordingly, the Defendant is not subjected to the sentencing enhancement.

### III. CONCLUSION

Based upon the foregoing, the court finds the Defendant's prior convictions are not considered final in terms of applying §841(b)(1)(B), and that the Defendant is not subject to an enhanced sentence as a matter of law.

**IT IS SO ORDERED**.



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Oct 19, 2007**