

**ORIGINAL**

| | |
|---|---|
| LEONARDO M. RAPADAS<br>United States Attorney<br>KARON V. JOHNSON<br>Assistant U.S. Attorney<br>Suite 500, Sirena Plaza<br>108 Hernan Cortez Avenue<br>Hagatna, Guam 96910<br>Telephone: (671) 472-7332<br>Telecopier: (671) 472-7334 | **FILED**<br>DISTRICT COURT OF GUAM<br><br>JAN 1 0 2008<br><br>JEANNE G. QUINATA<br>Clerk of Court |

Attorneys for the United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>LEYTON RAY BORJA,<br><br>    Defendant. | CRIMINAL CASE NO. 07-00017<br><br>GOVERNMENT'S MEMORANDUM CONCERNING CONTEMPT PROCEEDINGS AGAINST WITNESS DAVID PANGELINAN |

The government believes that the law applicable to situations where a witness is personally subpoenaed to appear at a proceeding before the District Court, and deliberately fails to appear, is controlled by Title 18, United States Code, § 401, which provides in pertinent part:

> "401. Power of court
>
> A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as–
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule decree or command."

Federal Rule of Criminal Procedure (FRCrP) 17(g) provides in pertinent part:

> "(g) Contempt. The court ... may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district."

-1-

The government believes that Title 18, U.S.C. § 402, which concerns contempt other than disobedience to court orders, is not applicable to this situation, nor are Title 18, U.S.C. § 3691, or Title 28, U.S.C. § 1784. The defendant is not entitled to a jury trial if the contemplated punishment is for a "petty" offense, not more than six months incarceration. United States v. Nachtigal, 507 U.S. 1 (1993).

This procedure is a criminal, rather than a civil, contempt, because the purpose is to punish the offender, rather than compel him to perform some action ordered by the court, and it is an indirect contempt because the failure to appear did not occur in the court's presence. 17 C.J.S. Contempt § 63; 17 Am. Jur.2d Contempt § 3; In re Eric D. Troutt, 460 F.3d 887, 893 (7th Cir. 2006) (regarding an attorney's filing of contemptuous legal pleadings.)

FRCrP 42 sets forth the procedure for such contempt actions. Among other things, it requires that the defendant have notice in open court, in an order to show cause, or in an arrest, order. The order must state the time and place of trial, allow the defendant a reasonable time to prepare a defense, and state the essential facts constituting the charged criminal contempt. The order should include a request that the contempt be prosecuted by an attorney for the government.

Defendant Pangelinan was brought before the court on January 3, 2008, pursuant to an arrest warrant which issued when he failed to appear as a witness in the above-entitled matter after being personally served by DEA TFA Marvin Desamito. The court advised him at that time of the nature of the proceedings against him and continued the matter to the next day. On January 4, he was appointed counsel, and took the stand to testify that he had intentionally failed to appear because he was afraid his infant son might be hurt.

The government believes that the requirements of FRCrP 42 have been met, in that Pangelinan was advised of the nature of the contempt allegations on January 3, given opportunity to consult with counsel, and admitted the offense on January 4. The government respectfully recommends, however, that the court file an order to show cause formally directing Pangelinan to

show cause why he should not be held in contempt. The order should memorialize what has occurred to date, and be filed under a new, miscellaneous case number, so that this proceeding can be separated from the Borja matter, which has been concluded. The order should include a request that the undersigned counsel be appointed as prosecutor in this matter, set forth the briefing schedule which was orally announced on January 4, and include the notice that further proceedings have been set for February 5, 2008, at 9 a.m. The government further recommends that the order recite that it is not contemplating a punishment of more than six months incarceration, which recitation will obviate the need for a jury trial. United States v. Marthaler, 571 F.2d 1104 (9th Cir. 1978).

In Re Rule 11 Subpoena, David S. MANN, a Witness, 728 F.Supp 60 (D. Maine 1990), is good example of the procedures normally followed in these situations

Respectfully submitted this __10th__ day of January, 2008.

                                          LEONARDO M. RAPADAS
                                          United States Attorney
                                          Districts of Guam and NMI

By:         _/s/ Karon V. Johnson_
              KARON V. JOHNSON
              Assistant U.S. Attorney

-3-