JOHN T. GORMAN
Federal Public Defender
District of Guam

RICHARD P. ARENS
Assistant Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

Attorney for Defendant
DAVID PANGELINAN

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | ) | CR 07-00017 |
|---|---|---|
| Plaintiff, | ) ) | MEMORANDUM CONCERNING CONTEMPT PROCEEDINGS OF DAVID PANGELINAN |
| vs. | ) ) | |
| LEYTON RAY BORJA, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM**

    I.    **THE FACTS**.

On November 8, 2007, David Pangelinan was served with a subpoena commanding him to appear at the United States District Court on January 3, 2008 at 9:00 a.m. The subpoena was intended to secure his testimony in the sentencing of Leyton Ray Borja. Mr. Pangelinan did not appear as directed. At the request of the government, the court issued a warrant for Mr. Pangelinan's arrest.

Pangelinan was arrested on January 3, 2008, and brought before the court to show cause why he should not be held in contempt for his non-appearance. At the hearing the Federal Public Defender was appointed to represent Pangelinan and he was ordered to return on January 4, 2008 at 9:00 a.m. The court did not advise Pangelinan whether he was facing a criminal or civil contempt proceeding.

On January 4, 2008, Pangelinan appeared with counsel as ordered. The court advised Pangelinan that he was in court to show cause why he should not be held in contempt for failure to appear at the sentencing hearing. Counsel for Pangelinan asked the court how it wished to proceed with the hearing. The court suggested Pangelinan take the witness stand. Prior to testimony, counsel advised the court that the defense had no documents related to the case. The court stated the only documents relevant to the proceeding were the subpoena and warrant.

Pangelinan was sworn in as a witness. The court did not advise Pangelinan whether it was pursuing criminal or civil contempt proceedings. As such, Pangelinan was not advised of his right against self-incrimination or any other constitutional safeguards related to a criminal prosecution. Pangelinan admitted he received the subpoena and did not obey it. He stated he was fearful for his family. Pangelinan was questioned by the court and the government.

At the conclusion of Pangelinan's testimony, the government asked the court to imprison Pangelinan for one day. The court asked if the proceeding was criminal or civil. The government stated it would have to research the issue. The court indicated that it would also have to do further research and ordered the parties to brief the issue.

2

## II. THE LAW.

The inherent power of the court to punish contempt of its authority and to coerce compliance with orders is not disputed. Ex parte Terry, 128 U.S. 289 (1888). Nor can it be disputed that refusal to testify is contemptuous behavior punishable by the court. United States v. Wilson, 421 U.S. 309 (1975). The court's authority to punish or coerce compliance is not, however, without limitation. United States v. Abascal, 509 F.2d 752 (9th Cir. 1975). The court's powers are defined by statute and limited by the requirements of due process.

Title 18 U.S.C. §401 provides the statutory authority to punish contemptuous actions. "A court of the United States shall have the power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as- [d]isobedience or resistance to its lawful . . . order." Federal Rule of Criminal Procedure 42 defines the procedural requirements of hearing and notice for criminal contempt. Rule 42 (a) instructs the court to "give the person notice in open court, in an order to show cause, or in an arrest order." The notice must state the time and place of the trial, allow the defendant a reasonable time to prepare a defense and state the essential facts constituting the charged criminal contempt and describe it as such. FRCRP 42 (a)(1)(A)(B) and (C).

It is not the nature of the condemner's actions that determines the form of the contempt proceeding. Latrobe Steel v. United States Steelworkers, 545 F.2d 1336 (3rd Cir 1976). The difference between criminal and civil contempt is the intended effects of the court's punishment. United States v. Asay, 614 F.2d 655 (9th Cir. 1980). Punishment for civil contempt is usually considered to be remedial. The penalty is designed to enforce compliance with a court order. In re

3

Timmons, 607 F.2d 120 (5th Cir. 1979). Civil contempt punishment is conditional and must be lifted if the condemner obeys the order of the court. Shillitani v. United States, 384 U.S. 364 (1966).

Criminal contempt is established when there is a clear and definite order of the court, the condemn or knows of the order and willfully disobeys the order. Chapman v. Pacific tel.& Tel. Co., 613 F.2d 193 (9th Cir. 1979). The penalty is punitive in nature. It serves to vindicate the authority of the court and does not terminate upon compliance with the court's order. The punishment is unconditional and fixed. In re Timmons, at 124.

At the January 4, 2008, hearing there was confusion concerning the nature of the contempt sought or the procedure to be followed. Confusion concerning the various types of contempt is common. United States v. Hughey, 571 F2d 111 (2d Cir. 1978). It does, however, raise the possibilities that the notice of the contempt charge was inadequate and that the condemner was unable to properly prepare a defense. United States v. Powers, 629 F.2d 619 (9th Cir. 1980).

Pangelinan was cooperative and testified truthfully at the hearing. He testified that he received the summons and did not comply. He explained he was afraid to testify against Borja. With this admission, the government now seeks to cure the procedural defects which occurred as a result of the confusion. The government further requests a trial on the merits. Pangelinan submits that had the parties been more fully aware of contempt proceedings, the issue of trial would be moot.

4

### III. **CONCLUSION.**

Title 18 U.S.C. §401 gives the court the discretion to punish contemptuous behavior. Given the facts and circumstances of this case, Pangelinan respectfully requests that the court exercise its discretion by admonishing him concerning the consequences of non-compliance with court orders.

DATED: Mongmong, Guam, February 14, 2008.



/s/ RICHARD P. ARENS
Attorney for Defendant
DAVID PANGELINAN

## CERTIFICATE OF SERVICE

I, RICHARD P. ARENS, hereby certify that a true and exact copy of the foregoing document was filed with U.S. District Court and electronically served by the U.S. District Court Clerk's Office to the following on February 14, 2008:

    KARON V. JOHNSON
    Assistant United States Attorney
    Sirena Plaza
    108 Hernan Cortez, Ste. 500
    Hagatna, Guam   96910

    Attorney for Plaintiff
    UNITED STATES OF AMERICA

    DATED: Mongmong, Guam, February 14, 2008.



    /s/ RICHARD P. ARENS
    Attorney for Defendant
    DAVID PANGELINAN